THE STATE OF OHIO, APPELLEE, *v.*
ANDERSON, APPELLANT.

(No. C-800464—Decided June 3, 1981.)

*Mr. Richard A. Castellini, Mr. Paul
J. Gorman* and *Mr. John L. Hanselman,
Jr.,* for appellee.
*Mr. James A. Rader,* for appellant.

*Per Curiam.* This cause came on to
be heard upon an appeal, from the Munici-
pal Court of Hamilton County.

The defendant-appellant, Steven An-
derson, was arrested in the early morning
hours of April 23, 1980, by Cincinnati
Police who had responded to a radio call
concerning a criminal damaging com-
plaint involving three white males. Arriv-
ing on the scene, the officers pursued and
apprehended one subject observed flee-
ing, and found a second suspect hiding
under a car. After placing the two sub-
jects under arrest, appellant was found
hiding under a van. The appellant was
removed from under the van and ordered
to place his hands on the van. Instead of
doing so, the appellant placed his hands in
his pockets, at which time the arresting
officer placed his service revolver to the
appellant's head and ordered him to
remove his hands slowly and assume the
position. Appellant then complied. A
subsequent frisk revealed that appellant
was carrying in his front pocket a knife,
which was promptly seized.

The instrument, which served as the
evidentiary fundament for the subsequent
charge of carrying a concealed weapon in
violation of R.C. 2923.12, was a folding
knife with a locking, four-inch blade, and
bore the insignia "007" on the side, but
which could not be easily opened with one
hand. At trial, the defendant testified that
he carried the knife for use at work in cut-
ting tape and rope on boxes that had to be
opened. At the conclusion of the evidence,
the court found the appellant guilty and
imposed the sentence as appears of rec-
ord. From this conviction and sentence,
appellant has taken this timely appeal
asserting four assignments of error.

In his first assignment of error, ap-
pellant asserts that it was error for the
trial court to overrule his Crim. R. 29 mo-
tion for acquittal on the grounds that
from the evidence adduced at trial the
trier of fact could come to but one
reasonable conclusion — that the ap-
pellant was innocent. Similarly, in his sec-
ond assignment of error, appellant con-
tends that the judgment of guilty is
against the manifest weight of the evi-
dence and, therefore, should be reversed.
Since both assignments raise identical
substantive issues, we have combined
them here for purposes of disposition.

The crux of appellant's argument on
appeal concerns the physical characteris-
tics of the instrument alleged to represent
a "deadly weapon" under R.C. 2923.11
(A), which provides:

" 'Deadly weapon' means any instru-
ment, device, or thing capable of inflicting

death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."

As this court has noted, in *State* v. *Sears* (February 27, 1980), Hamilton App. No. C-790156, unreported, to sustain a conviction for carrying a concealed weapon the state must not only show that the offending instrument was capable of inflicting death — an element easily established with respect to many objects — but also, and more importantly here, that the instrument was *either*: (i) designed or specially adapted for use as a weapon; or (ii) possessed, carried or used as a weapon. See also *State* v. *Deboe* (1977), 62 Ohio App. 2d 192 [16 O.O.3d 467]; *State* v. *Orlett* (1975), 44 Ohio Misc. 7 [73 O.O.2d 30]. When an instrument is readily identifiable as one capable of inflicting death, such as a knife, proof of either additional element is nonetheless essential to sustain a conviction for carrying a concealed weapon under R.C. 2923.12.

Our review of the record convinces us that appellant's reliance upon *Sears, supra,* is well-founded. The record is devoid of any evidence which demonstrates beyond a reasonable doubt that this knife was designed or adapted for use as a weapon. It was neither a switch nor other spring-loaded blade, nor a gravity blade capable of instant one-handed operation, and differs only in its somewhat greater length from the familiar type of clasp knife carried as a useful tool by thousands, a difference readily accounted for by the nature of the defendant's work with a moving and storage company requiring the opening of packing cartons and the cutting of twine. Nor, alternately, was there credible evidence that the knife was nevertheless carried, possessed, or used as a weapon. Thus, the trial court erred in not sustaining appellant's Crim. R. 29 motion for acquittal and, for the same reasons, the judgment of the trial court is against the manifest weight of the evidence. Appellant's first two assignments of error are accordingly sustained.

In his third and fourth assignments of error, appellant argues, respectively, that the trial court erred in requiring him to prove his reasonable hypothesis of defense and in refusing to hear evidence on his motion for a new trial. Given the dispositive nature of our ruling on the first two assignments of error, any review of these assignments is mooted and accordingly we decline to consider them.

The judgment of the trial court is reversed and the appellant is hereby ordered discharged.

*Judgment reversed.*

SHANNON, P. J., PALMER and KLUSMEIER, JJ., concur.