The STATE of Ohio, Appellee,

v.

WORKMAN, Appellant.

[Cite as *State v. Workman* (1992), 84 Ohio App.3d 534.]

Court of Appeals of Ohio,
Summit County.

No. 15730.

Decided Dec. 23, 1992.

*William D. Wellemeyer*, Assistant Summit County Prosecuting Attorney, for appellee.

*Richard S. Kasay*, for appellant.

REECE, Judge.

Defendant-appellant, Patrick L. Workman, appeals his conviction for felonious assault, R.C. 2903.11(A)(2). For the reasons that follow, we reject Workman's claim that there was not sufficient evidence supporting his conviction.

On December 20, 1991, Workman was indicted on two counts of rape and one count each of kidnapping, felonious assault, assault and aggravated menacing. During the course of the trial, the court granted Workman's Crim.R. 29 motion for acquittal on the assault and aggravated menacing charges. Thereafter, the jury returned a guilty verdict on the singular charge of felonious assault.

The events leading to Workman's conviction occurred on December 13, 1991. On that day, members of the Copley, Fairlawn and Bath Township Police Departments attempted to serve upon Workman an arrest warrant stemming from the other charges. The police were alerted that Workman could be found at a residence on Cleveland–Massillon Road. Upon arriving at the residence, the police were told that Workman had taken off on foot into the wooded area behind the house. In searching the woods Officer Brian Price of the Copley Police Department came upon Workman.

Workman began running with Officer Price giving chase. As he approached a small clearing in the woods, Workman found himself surrounded by other officers. Workman, brandishing a knife in his left hand, stopped and turned to face Officer Price. As he observed Workman, who was approximately ten feet away, take a step in his direction, Officer Price ran at Workman, tackling him to the ground.

At the close of the state's case in chief, Workman moved to dismiss the felonious assault charge pursuant to Crim.R. 29(A). His motion was renewed at the close of all the evidence. The court denied both motions. Workman appeals raising the following assignment of error.

## Assignment of Error

"The trial court erred to the prejudice of defendant-appellant in overruling the motion for judgment of acquittal; said ruling violated defendant-appellant's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution."

Crim.R. 29(A) requires the trial court to enter a judgment of acquittal on any charged offense when the evidence is insufficient to sustain a conviction on such offense. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

R.C. 2903.11 provides:

"(A) No person shall knowingly:

" * * *

"(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code."

Workman raises two points on appeal. First, he argues that the knife he was carrying does not qualify as a "deadly weapon" as that term is defined by R.C. 2923.11. Second, he contends there is no evidence demonstrating an "attempt" to cause Officer Price any physical harm. Both are essential elements of the offense of felonious assault.

■ A "deadly weapon" is defined by R.C. 2923.11(A) as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."

The knife carried by Workman may be described as a utility or carpet knife. It consists of a plastic handle with a fixed tapered metal blade extending approximately two and one-half inches from the handle. While conceding that the knife is capable of "inflicting death," Workman argues that such knives are common tools. He contends that nowhere does the evidence show that this knife was adapted for use as a weapon or that he "possessed, carried, or used" the knife as a weapon.

Appellant brings to our attention the case of *State v. Anderson* (1981), 2 Ohio App.3d 71, 2 OBR 79, 440 N.E.2d 814, wherein the court held that a pocket knife was not a "deadly weapon" as defined by R.C. 2923.11(A). We find the facts of *Anderson* distinguishable from the present case. In *Anderson*, a frisk of the defendant revealed a knife in his pocket. In overturning the conviction of felonious assault, the court noted that the knife was an ordinary pocket knife. It was neither a switch nor spring blade capable of being opened with one hand. Additionally, the court found that such knives are commonly used by persons, like that defendant, in the course of their employment.

In contrast, the blade on the knife held by Workman is fixed, ready for use. While a common instrument, Workman gives no reason for his carrying the knife. There is no evidence that Workman possessed the knife for any purpose commonly associated with it. There was no carpet in the field where the action occurred. Additionally, unlike the defendant in *Anderson* who kept the knife in his pocket, Workman was holding the knife in his hand.

A defendant's state of mind must be inferred from the totality of the circumstances surrounding the alleged crime. *State v. Hardin* (1984), 16 Ohio App.3d

243, 245, 16 OBR 266, 268, 475 N.E.2d 483, 485.   In brandishing the knife after being chased and confronted by police officers, reasonable minds could conclude that Workman "possessed, carried, or used" the knife as a weapon.

■   Workman next argues the state failed to produce sufficient evidence that he "attempted" to physically harm Officer Price.   The establishment of this element requires proof, beyond a reasonable doubt, of some "substantial step" toward the execution of the assault.   See *State v. Kline* (1983), 11 Ohio App.3d 208, 214, 11 OBR 330, 337, 464 N.E.2d 159, 165.   Workman cites *State v. Brooks* (1989), 44 Ohio St.3d 185, 542 N.E.2d 636, syllabus, wherein the court stated:

"The act of pointing a deadly weapon at another, without additional evidence regarding the actor's intention, is insufficient evidence to convict a defendant of the offense of 'felonious assault' as defined by R.C. 2903.11(A)(2)."

Relying on the holding in *Brooks,* Workman argues that the mere holding of the knife, without more, is insufficient to sustain his conviction.

We agree that there must be some overt act demonstrating a defendant's intent to commit an assault, and we find such an act in the present case.   Officer Price testified that during the foot chase, Workman suddenly stopped and turned. Workman, holding the knife in his left hand, then stepped toward Price, whereupon Price jumped and tackled Workman to the ground.

From the surrounding circumstances, reasonable minds could conclude that Workman attempted to cause harm to Officer Price.   It may be reasonably inferred that Workman, by holding the knife in his hand, was ready to use it. Workman's step with knife in hand toward Officer Price may be reasonably interpreted to be a step toward execution of the assault.   These facts constitute a sufficient overt act demonstrating Workman's intent to commit an assault of Officer Price.

Accordingly, Workman's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

CACIOPPO and COOK, JJ., concur.