MEMORANDUM DECISION AND JUDGMENT ENTRY.
Defendant-appellant, James C. Waire, appeals a conviction for involuntary manslaughter pursuant to R.C. 2903.04(A). Evidence presented at a jury trial showed that Waire and two companions, Theresa Weimer and Jeff Mullins, all of whom were homeless, spent most the day of June 13, 1997, drinking. The group eventually went to an area known as "the rock," where they met other homeless people including Alan Lynch.
An argument developed between Weimer and Lynch, but the matter was subsequently resolved. Suddenly, Waire, who had not been involved in the argument, walked up and stabbed Lynch in the chest as he was lying on a rock with his eyes closed. Lynch stated, "[t]hat didn't hurt," to which Waire replied, "Do you want me to do it again, mother-fucker?" Waire then fled from the scene and was pursued by Mullins. Mullins eventually caught and subdued Waire, who was subsequently arrested.
Waire was originally charged with murder pursuant to R.C.2903.02(A). At trial, he presented evidence that he had suffered an alcoholic blackout and that he could not recall what had happened. While the jury found him not guilty of murder, it concluded that he was guilty of the lesser-included offense of involuntary manslaughter. The trial court sentenced him to serve ten years' incarceration, and this appeal followed.
In his first assignment of error, Waire argues that the evidence was insufficient to support the conviction. He argues primarily that the state failed to prove that he acted "knowingly." R.C. 2903.04(A) provides that "[n]o person shall cause the death of another * * * as a proximate result of the offender's committing or attempting to commit a felony." In this case, the underlying felony was felonious assault as proscribed by R.C. 2903.11(A)(1), which states that "[n]o person shall knowingly * * * [c]ause serious physical harm to another[.]" A person acts knowingly, "regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C.2901.22(B).
In this case, the evidence showed that Waire approached the victim, stabbed him directly in the chest as he lay back on a rock with his eyes closed, and threatened to stab him again. He then fled from the scene, stopping only because Mullins chased and subdued him. This evidence clearly supports the inference that Waire was aware that he would probably cause serious physical harm to the victim, and therefore that he acted knowingly. See Statev. Gregory (1993), 90 Ohio App.3d 124, 131, 628 N.E.2d 86, 90-91;State v. Workman (1992), 84 Ohio App.3d 534, 536-537,617 N.E.2d 723, 725-726; State v. Lewis (Apr. 30, 1997), Hamilton App. No. C-960095, unreported. The jury apparently did not believe Waire's claim that because he was in the midst of an alcoholic blackout, he could not form the requisite mental state. It is well settled that matters as to the credibility of evidence are for the trier of fact to decide. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus.
After reviewing the record, we hold that the state's evidence, when viewed in a light most favorable to the prosecution, could convince a rational trier of fact beyond a reasonable doubt that Waire caused Lynch's death as the result of committing the underlying offense of felonious assault. Therefore, the evidence was sufficient to support Waire's conviction for involuntary manslaughter, and we overrule his first assignment of error. See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
In his second assignment of error, Waire contends that the conviction is against the manifest weight of the evidence. After reviewing the record, we cannot conclude that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial. SeeState v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 546-547; State v. Allen (1990), 69 Ohio App.3d 366, 374,590 N.E.2d 1272, 1278. The state presented substantial evidence upon which the jury could reasonably conclude that all of the elements of involuntary manslaughter were proven beyond a reasonable doubt. Therefore, Waire's conviction is not against the manifest weight of the evidence, and we overrule his second assignment of error. See State v. Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132, syllabus.
In his third assignment of error, Waire argues that the trial court erred in denying his motion for a judgment of acquittal pursuant to Civ.R. 29(A). But Waire's motion was directed to the murder charge only since the lesser-included offense of involuntary manslaughter was not introduced until the court charged the jury at the end of closing arguments. See Lewis,supra. Since the jury acquitted Waire of murder, the denial of the motion did not prejudice him in any way, and we hold that the issue is now moot.
Nevertheless, when a defendant is indicted for murder, he may be convicted of its lesser-included offenses. See White v.Maxwell (1963), 174 Ohio St. 186, 188, 187 N.E.2d 878, 879-880;State v. Schmidt (1995), 100 Ohio App.3d 167, 171-172,652 N.E.2d 254, 256-257; State v. Robinson (Mar. 15, 1995), Lorain App. No. 94CA005788, unreported. Even if the Crim.R. 29 motion had also been directed at the lesser-included offenses, a claim that the trial court should have granted a motion for a judgment of acquittal is a claim that the evidence is insufficient to support the conviction, a claim that we have already rejected here. SeeState v. Cedeno (Oct. 23, 1998), Hamilton App. No. C-970465, unreported. Reasonable minds could have reached different conclusions as to whether Waire caused Lynch's death as the result committing the offense of felonious assault. Consequently, the trial court would not have erred in overruling a Crim.R. 29 motion for a judgment of acquittal on the lesser-included offense of involuntary manslaughter. State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184, syllabus. We therefore overrule Waire's third assignment of error.
In his fourth assignment of error, Waire contends that the trial court erred by imposing the maximum sentence. The record shows that the trial court sentenced Waire to serve ten years in prison, the maximum sentence it could impose for a first-degree felony. See R.C. 2903.04(C); R.C. 2929.14(A)(1). Pursuant to R.C. 2929.14(A)(C) and 2929.19(B)(2)(d), the court may impose the maximum sentence if it makes a specific finding that the offender committed the "worst form of the offense" or that the offender poses "the greatest likelihood of committing future crimes."State v. Napier (Aug. 28, 1998), Hamilton App. No. C-970383, unreported. Here, the trial court made both findings, citing the nature and circumstances of the unprovoked attack, Waire's lengthy criminal history, and his failure to take any responsibility for the crime. Under the circumstances, we cannot say that these findings were not supported by clear and convincing evidence or that they were contrary to law. See Napier, supra; State v. Gowdy
(June 26, 1998), Hamilton App. No. C-970359, unreported, appeal allowed (1999), 85 Ohio St.3d 1445, 708 N.E.2d 211. Compare Statev. Kershaw (Feb. 5, 1999), Hamilton App. No. C-980164, unreported. Accordingly, we overrule Waire's fourth assignment of error and affirm the judgment of the trial court.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
 Doan, P.J., Painter and Gorman, JJ.
 To the Clerk:
Enter upon the Journal of the Court on August 20, 1999 per order of the Court ________________________________. Presiding Judge