[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Darrell Benefield pleaded guilty to a charge of disorderly conduct and was then found guilty of carrying a concealed weapon, in violation of R.C. 2932.12, following a bench trial. Benefield appeals his conviction for the weapons offense presenting two assignments of error. In his first assignment of error, Benefield contends that the trial court erred in overruling his Crim.R. 29 motion for acquittal, which brings into question the sufficiency of evidence.[1] In his second assignment of error, he challenges the weight of the evidence. We consider these claims together.
When determining whether an instrumentality is a dangerous weapon under R.C. 2923.12, we apply a two-part test.[2] First, the instrument must be capable of inflicting death. Benefield concedes that the knife found in his pocket meets this standard. Second, the instrument must be designed, adapted, possessed, carried, or used as a weapon. After reviewing the record, we conclude that there was sufficient evidence to satisfy the second standard. The knife was discovered in Benefield's pocket by a police officer during a search incident to a lawful arrest for disorderly conduct. The arresting officer testified that, in his opinion, the knife could cause serious, if not fatal, harm. No evidence was presented that Benefield possessed the knife for a work purpose. The knife, which was admitted into evidence and is part of the record on appeal, has a large handle curved to fit a hand, grooves for the fingers, and a dagger-shaped blade. Based on the evidence adduced at trial, we conclude that trial court had sufficient evidence to find Benefield guilty,[3] and that it did not lose its way so as to create a manifest miscarriage of justice.[4] We, therefore, overrule both assignments of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., SUNDERMANN and WINKLER, JJ.
 To the Clerk:
Enter upon the Journal of the Court on February 23, 2000
per order of the Court _______________________________.
 _______________________________________________ Presiding Judge
[1] See State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184, syllabus.
[2] See State v. Anderson (1981) 2 Ohio App.3d 71,440 N.E.2d 814.
[3] See State v. Williams (1995) 73 Ohio St.3d 153, 165,652 N.E.2d 721, 732.
[4] See State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 546-547.