JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Larry Cannon, appeals his conviction of robbery, a felony of the second degree, in violation of R.C. 2911.02. We find no merit to the appeal and affirm.
 {¶ 2} The following facts give rise to this appeal. On March 16, 2002, appellant was at the Marshall's Department Store at 3464 Mayfield Road in Cleveland Heights. The store's loss prevention manager, Scott Alan Aldridge, observed appellant on closed-circuit television from the camera room. Aldridge watched appellant place four bottles of perfume in his pockets, walk past the cashiers, and approach the exit doors. Aldridge followed appellant as he exited the store and then approached appellant outside the store.
 {¶ 3} Aldridge identified himself as Marshall's security and asked appellant for the four bottles of perfume. Appellant did not return the bottles. Aldridge looked down, saw that appellant had a knife, and then backed up. Aldridge and another security officer tried to reposition themselves so appellant would go into the store, but appellant took off running.
 {¶ 4} When Aldridge attempted to stop appellant, appellant pulled out the knife and swung it at Aldridge. Aldridge described the knife as a Swiss Army knife. Aldridge also testified that he was only three to five feet away from appellant when the knife was swung.
 {¶ 5} Appellant continued running and threatened that he had a gun. Aldridge did not see a gun and proceeded to cut off appellant and prevent him from getting away. When the Cleveland Heights police arrived at the scene, they stopped appellant and recovered the perfume bottles from him.
 {¶ 6} Appellant was charged in a four-count indictment. All counts except the robbery count were dismissed pursuant to Crim.R. 29. The trial court found appellant guilty of robbery, a felony of the second degree, and sentenced him to three years of imprisonment to run concurrently with a sentence imposed in another case.
 {¶ 7} Cannon has appealed his conviction raising one assignment of error.
"The verdict was against the weight of the evidence and there was insufficient evidence to convict the appellant."
 {¶ 8} The sufficiency of the evidence produced by the state and weight of the evidence adduced at trial are legally distinct issues.State v. Thompkins (1997), 78 Ohio St.3d 380, 386. When reviewing the sufficiency of the evidence, an appellate court's function is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
 {¶ 9} While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest-weight challenge questions whether the state has met its burden of persuasion. Id. at 390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Otten
(1986), 33 Ohio App.3d 339, 340.
 {¶ 10} R.C. 2911.02, the robbery statute, prohibits a person who is committing a theft offense, or fleeing after committing a theft offense, from having a deadly weapon on or about the offender's person or under his control.[1] The evidence in this case shows that appellant had a knife, described as a Swiss Army knife, in his possession and under his control while fleeing from a theft offense.
 {¶ 11} The crux of appellant's claim is that the evidence fails to establish that the knife used by appellant constitutes a deadly weapon. Appellant claims that a Swiss Army knife has multi-purpose uses such as a can-opener, tweezers, etc. Appellant argues that there was no testimony as to whether the knife was open or closed, or as to the length and condition of the blade.
 {¶ 12} Appellant's reliance on State v. Briscoe (1992),84 Ohio App.3d 569 (Harper, J., dissenting), in support of his argument that a Swiss Army knife cannot constitute a deadly weapon is not persuasive. Briscoe involved a mere allegation that a Swiss Army knife wascarried by a defendant charged with attempted patient abuse. Id. at 579 (emphasis added). There was no allegation that the knife was possessed or used by the defendant as a weapon, and thus, there was no consideration of whether the knife constituted a deadly weapon. The facts here are distinguishable since there was evidence that the Swiss Army knife possessed by appellant was used by him as a weapon.
 {¶ 13} A deadly weapon is defined in R.C. 2923.11 as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." A Swiss Army knife is not, per se, a deadly weapon. However, a knife is an instrument readily identifiable as one capable of inflicting death. See, e.g., State v. Curnutte, (Sept. 9, 1987), Lorain App. C.A. Nos. 4189, 4198 (citing State v. Anderson (1981), 2 Ohio App.3d 71; Statev. Thorpe (Oct. 9, 1985), Lorain App. No. 3856). Thus, in order to show appellant was carrying a deadly weapon, the state was required to prove either 1) that the knife was designed or specifically adapted for use as a weapon, or 2) that the defendant possessed, carried, or used the knife as a weapon. State v. Cathel, (1998) 127 Ohio App.3d 408, 411-412;Columbus v. Dawson (1986), 28 Ohio App.3d 45, 46.
 {¶ 14} In State v. Workman (1992), 84 Ohio App.3d 534, 536-537, the court found that reasonable minds could conclude that a defendant who brandished a pocket or utility knife after being chased and confronted by police officers, "possessed, carried, or used" the knife as a weapon. A review of the record in this case shows that appellant took out a knife, described as a Swiss Army knife, and swung it at Aldridge who was only three to five feet away from appellant. Aldridge testified that he saw the knife but that appellant did not make contact. Upon these facts, we find that reasonable minds could conclude that appellant "possessed, carried, or used" the knife as a weapon.
 {¶ 15} Given this evidence, and viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, we conclude any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Thus, appellant's conviction is sustained by sufficient evidence.
 {¶ 16} Further, after reviewing the record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we are not persuaded that the court clearly lost its way and created such a manifest miscarriage of justice such that appellant's conviction must be reversed and a new trial ordered.
 {¶ 17} Because appellant's conviction is supported by sufficient evidence and is not contrary to the manifest weight of evidence adduced at trial, appellant's assigned error is without merit.
Judgment affirmed.
PATRICIA ANN BLACKMON, P.J., AND ANNE L. KILBANE, J., CONCUR.
[1] The indictment in this case states that appellant "did, in attempting or committing a theft offense, as defined in Section 2913.01
of the Revised Code, or in fleeing immediately after the attempt or offense upon Scott A. Aldridge and/or Marshall's Inc., have a deadly weapon, to-wit: knife, on or about his person or under his control." This charge falls under R.C. 2911.02(A)(1). The indictment does not include a charge under R.C. 2911.02(A)(2) involving an attempt or threat to inflict physical harm on another, or a charge under R.C. 2911.02(A)(3) involving the use or threat to use immediate force against another.