I concur with the majority's decision in this case. I write separately to stress the fact that a knife is not, per se, a deadly weapon.
 {¶ 26} It is common knowledge that many people carry pocket knives. It is also common knowledge that knives, as well as many other objects commonly carried, can be used as a weapon and are capable of inflicting death. The definition of a deadly weapon is contained in R.C. 2923.11(A) and reads as follows:
"Deadly weapon" means an instrument, device, or thing capableof inflicting death, and designed or specially adapted for use asa weapon, or possessed, carried, or used as a weapon.
 {¶ 27} This is a two part definition. First, it requires a finding that the "instrument, device or thing [is] capable ofinflicting death." Id. (Emphasis added.) Second, it requires a finding that the "instrument, device or thing [is] * * *designed or specially adapted for use as a weapon, or possessed,carried, or used as a weapon." Id. (Emphasis added.)
 {¶ 28} Most objects, including pens, pencils, and automobiles, will meet the first portion of this definition, which is generally an objective test. The second portion is often more subjective, and the same "instrument, device or thing" may meet the definition in certain circumstances and, yet, not meet the definition in other circumstances. For example, an automobile is generally a device used for transportation, is not designed as a weapon and, generally, not used as a weapon. However, when directed by a person with the intent to do physical harm, it is being used as a weapon and can certainly be capable of causing death.
 {¶ 29} I am concerned by the majority opinion's reference to the case of State v. Manning, supra, as apparent authority for finding a knife with a blade of less than two inches to be a deadly weapon. The Manning Court obviously took into consideration the circumstances of a high crime area, the early morning hour, the unusual nature of the instrument and the defendant's statement that he "had no weapons or anything that would `stick' the officer." Id. Furthermore, it was not a unanimous decision.
 {¶ 30} The general rule is that a folding knife is not a deadly weapon, unless and until some extrinsic fact or circumstance distinguishes it from the norm. Columbus v. Dawson
(1986), 28 Ohio App.3d 45, 46 (a knife is not presumed to be a deadly weapon, even if it is concealed); State v. Cathel
(1988), 127 Ohio App.3d 408, 412 (a knife is not considered "in and of itself" to be a deadly weapon under the statute); Statev. Anderson (1981), 2 Ohio App.3d 71, 72 (when an instrument is readily identifiable as one capable of inflicting death, such as a knife, proof of either additional element [designed/possessed, carried or used as a weapon] is nonetheless essential to sustain a conviction for carrying a concealed weapon).
 {¶ 31} In Cathel the knife had a four inch blade, locked into place and bore the trademark "Deerslayer."127 Ohio App.3d at 412. The Cathel Court took issue with the trial court's finding that the trial produced "no indication that the * * * knife was being used for * * * any type of purpose other than to be used as a weapon." Id. Additionally, the Cathel Court noted that:
Contrary to the trial court's implication, it is not adefendant's burden to negate the elements of a crime; it is thestate's burden to prove them. To convict [for] carrying a deadlyweapon, the state must prove either 1) that the knife wasdesigned or specifically adapted for use as a weapon, or 2) thatthe defendant possessed, carried, or used the knife as a weapon.
Id.
 {¶ 32} In Anderson, the instrument was a folding knife with locking, four-inch blade, and bore the insignia "007" on the side. 2 Ohio App.3d at 72. The Anderson Court also noted that:
As this court has noted, in State v. Sears, to sustain aconviction for carrying a concealed weapon the state must notonly show that the offending instrument was capable of inflictingdeath — an element easily established with respect to manyobjects — but also, and more importantly here, that theinstrument was either: (i) designed or specially adapted for useas a weapon.
 See also State v. Deboe; State v. Orlett. When aninstrument is readily identifiable as one capable of inflictingdeath, such as a knife, proof of either additional element isnonetheless essential to sustain a conviction for carrying aconcealed weapon under R.C. 2923.12.
Id. (Citations omitted.)
 {¶ 33} The facts of the case sub judice are clear and are distinguishable from the usual situation of an individual driving a car to the office or a gentlemen carrying a folding pocket knife. In the case sub judice, the blade was open and the knife ready at hand. It required no extra motion or manipulation to render the knife "operational" and capable of inflicting serious physical harm or death. In addition, Port stated to the police that he was carrying the knife for protection. There is a reasonable and obvious inference that he meant he was carrying the knife as a weapon. Under the circumstances of this case, the evidence supports the conclusion that Port was carrying a deadly weapon. The evidence also supports the conclusion that the "weapon" was concealed. I, therefore, concur in the result reached by the majority.