OPINION
{¶ 1} Dameon Gochneaur appeals from the judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, adopting the decision of the magistrate, and finding Dameon delinquent for possessing a deadly weapon in a school safety zone, in violation of R.C. 2923.122(B). We affirm.
 {¶ 2} March 29, 2007, Dameon was a fourteen year old student at Jefferson High School.[1] He and Caitlyn Budy, another Jefferson High student, took a walk around the school track. Dameon asked Caitlyn whether she promised not to tell anyone about *Page 2 
something, if he showed it to her. She agreed; and Dameon pulled a knife from his pocket, and opened its blade. Evidently, the knife (which is not included in the record on appeal) had a black handle, and a three-inch blade, which locked into place once opened. The knife had "666" and the initials "icp" drawn on it.[2] Dameon never threatened Caitlyn with the knife, and shortly returned it to his pocket.
 {¶ 3} Upon returning to the school buildings, Caitlyn informed one of the teachers, Ms. Campbell, that Dameon had a knife. The matter was brought to the attention of the principal, Mr. Harrison. Evidently, Dameon no longer had the knife in his possession; and, Mr. Harrison organized a search. A student eventually found the knife in a narrow space between two buildings. Chief Febel of the Jefferson Police Department had been contacted; upon arrival, he questioned Dameon regarding the knife, which Dameon admitted was his. The Chief took Dameon into custody.
 {¶ 4} March 30, 2007, a complaint was filed, alleging Dameon to be delinquent for violation of R.C. 2923.122(B), illegal possession of a deadly weapon in a school safety zone, a fifth-degree felony if committed by an adult. April 2, 2007, the trial court filed a judgment entry ordering Dameon to be held at the Youth Detention Center pending adjudication. April 24, 2007, a judgment entry was filed acknowledging Dameon's denial of the charge against him, and setting the matter for adjudicatory hearing.
 {¶ 5} The adjudicatory hearing was held before the magistrate May 15, 2007. That same day, the magistrate filed her decision, finding Dameon delinquent. May 25, *Page 3 
2007, dispositional hearing was held before the magistrate. Noting that Dameon had been on probation at the time of the instant offense, the magistrate ordered that he be committed to the custody of the Ohio Department of Youth Services for a minimum of six months, maximum to expire when he turned twenty-one. June 4, 2007, prior to expiration of the time allotted for filing objections, the trial court filed a judgment entry adopting the magistrate's decision.
 {¶ 6} June 11, 2007, Dameon filed an omnibus motion containing the following: (1) objections to the magistrate's decision; (2) a request that the dispositional order against him be stayed pending appeal; (3) a request for a transcript of the hearings at state expense, due to his indigency; and, (4) a motion to set aside the trial court's judgment entry adopting the magistrate's decision. July 2, 2007, the trial court granted Dameon's motion for a transcript of the hearings. By a judgment entry filed November 16, 2007, the trial court overruled the objections to the magistrate's decision and, again, adopted that decision, and further overruled the request for stay, and the motion to set aside its prior entry adopting the magistrate's decision.
 {¶ 7} On or about November 26, 2007, Dameon appealed the trial court's judgment entry overruling his objections to the magistrate's decision and adopting it.
 {¶ 8} It appears that, on or about November 30, 2007, Dameon was released from the custody of the Department of Youth Services.
 {¶ 9} January 22, 2008, Dameon filed his assignment of error and merit brief. February 4, 2008, we ordered these stricken from the record, for failure to comply with the appellate rules and local rules of this court. Permission was given to file a corrected *Page 4 
brief, which Dameon did February 15, 2008. That same day, the state filed its brief in opposition.
 {¶ 10} March 3, 2008, we sua sponte remanded this case to the trial court, finding that the trial court's November 16, 2007 judgment entry did not constitute a final, appealable order, since it contained neither a finding of delinquency, nor an order of commitment, separate from those made by the magistrate. March 13, 2008, the magistrate filed a decision nunc pro tunc, restating her decision of May 15, 2007, and the trial court filed a corrected judgment entry adopting it and the prior May 31, 2007 dispositional decision of the magistrate. March 26, 2008, we filed our judgment entry ordering that the appeal continue according to rule.
 {¶ 11} As indicated above, Dameon assigns one error on appeal:
 {¶ 12} "THE COURT ERRED IN FINDING THE KNIFE IN QUESTION TO BE A DEADLY WEAPON AS DEFINED BY THE OHIO REVISED CODE."
 {¶ 13} In support of this assignment of error, Dameon cites to R.C. 2923.11, which provides, in pertinent part: "(A) `Deadly weapon' means any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." Pursuant to this definition, the appellate courts of this state have insisted that when the state alleges an object is a "deadly weapon," it prove two separate elements: (1) that the object may inflict death; and, (2) either that the object was specifically designed or adapted for use as a weapon, or that the person charged possessed, carried, or used it as a weapon. See, e.g., State v.Deluzia, 9th Dist. No. 22528, 2005-Ohio-4660, at ¶ 22-25; State v.Cathel (1998), 127 Ohio App.3d 408, 412; State v. Anderson (1981),2 Ohio App.3d 71, 71-72. Merely *Page 5 
because a knife is concealed raises no presumption that it is meant to be used as a deadly weapon. Columbus v. Dawson (1986),28 Ohio App.3d 45, 46.
 {¶ 14} Based on the foregoing law, Dameon argues there is no evidence in the record indicating he intended to use the knife as a deadly weapon: consequently, the state must show that his particular knife was designed or specifically adapted for use as such. Dameon contends the state has failed to prove this. He cites variously to the opinion of the First District in the lead case of Anderson, supra, at 71-72, in which that court found a folding knife with a four-inch, locking blade was not a deadly weapon; that of the Ninth District, in Cathel, supra, at 412-414, in which the court also held that a knife with a four-inch, locking blade, without more, was not a deadly weapon; and, that of the Ninth District in Deluzia, supra, at ¶ 23, in which the court held that a knife with a three-inch locking blade was not, ipso facto, a deadly weapon. Dameon notes his own knife had a three-inch, locking blade.
 {¶ 15} The state counters that the testimony of Chief Febel established that Dameon's knife was a deadly weapon. The Chief certainly testified he considered it as such, and that it was sufficient to cut arteries and throats, or stab a person in the heart.
 {¶ 16} A trial court's judgment regarding whether to adopt, reject, or modify a magistrate's decision is reviewed for abuse of discretion.Lucas v. Lucas, 11th Dist. No. 2007-L-058, 2007-Ohio-5607, at ¶ 10. As Dameon's contention on appeal is that the state failed to prove an element of the crime charged, it appears to us that he questions the sufficiency of the evidence used to convict him.
 {¶ 17} "A challenge to the sufficiency of the evidence concerns whether the state has presented evidence on each element of an offense.State v. Dykes, 11th Dist. *Page 6 
No. 2005-L-131, 2006-Ohio-4165, at ¶ 15. It raises a question of law, of due process. Id. at ¶ 17. On review, an appellate court must ask whether any rational factfinder could have found all elements of the offense charged beyond a reasonable doubt. Id. The evidence adduced at trial, and all reasonable inferences, must be viewed in a light most favorable to the state. Id. An appellate court may not disturb a verdict for insufficiency of the evidence absent a finding that reasonable minds could not have reached that verdict. Id." State v. Leavitt, 11th Dist. No. 2006-L-090, 2007-Ohio-2057, at ¶ 13.
 {¶ 18} We find the state presented sufficient evidence to prove the knife in question was designed as a deadly weapon. While neither the knife, nor a photo of it, are in the record on appeal, we note the following from the magistrate's decision filed May 15, 2007, in her findings of fact: "The Court's examination of the blade showed that the blade opened easily, with one hand, by simply flipping the switch on the handle. Once opened, the blade would not close without triggering the lock. The blade of the knife is serrated."
 {¶ 19} We then turn to the following quote from the lead case ofAnderson, supra, at 72: "The record is devoid of any evidence which demonstrates beyond a reasonable doubt that this knife was designed or adapted for use as a weapon. It was neither a switch nor otherspring-loaded blade, nor a gravity blade capable of instant one-handedoperation * * * [.]" (Emphasis added.) That is, knives opening easily with one hand may be considered (for obvious reasons), as being designed or adapted for use as weapons. This conclusion is further supported by R.C. 2923.20(A)(3), regarding unlawful transactions in weapons, which prohibits any person other than a law enforcement agency from possessing a "* * * switchblade knife, springblade knife, gravity knife, or *Page 7 
similar weapon; * * * [.]" The fact that a knife has a serrated edge (as did Dameon's) may also be considered in determining whether it was designed or adapted for use as a weapon. Cf. State v. Jones (May 5, 1993), 9th Dist. No. 92CA005419, 1993 Ohio App. LEXIS 2435, at 5-6.
 {¶ 20} There was sufficient evidence to find Dameon's knife was designed or adapted for use as a weapon. Consequently, it could be termed a deadly weapon for purposes of finding a violation of R.C. 2923.122(B). The trial court did not abuse its discretion in overruling the objections to the magistrate's decision, and adopting it.
 {¶ 21} The assignment of error is without merit.
 {¶ 22} The judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, is affirmed.
 {¶ 23} The court further finds there were reasonable grounds for this appeal.
MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur.
[1] Dameon was born June 16, 1992.
[2] Testimony elicited at hearing from Mr. Harrison, the Jefferson High principal, indicated that Dameon often marked items in this fashion. Evidently, "icp" stands for "Insane Clown Posse," which, we believe, is a popular music band. *Page 1