[Cite as *Hall v. Turner*, 2014-Ohio-4298.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| JAMES HALL, III, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-127** |
| EDWARD TURNER, II, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Painesville Municipal Court, Case No. CVI 1301018.

Judgment: Reversed and remanded.

*James Hall, III,* pro se, 275 Mill-Morr Road, Painesville, OH 44077 (Plaintiff-Appellee).

*James M. Lyons,* 240 East Main Street, Painesville, OH 44077 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Edward Turner II appeals from the judgment entry of the Painesville Municipal Court, rejecting in part, and adopting in part, the decision of its magistrate in a small claims case. We reverse and remand.

{¶2} August 2, 2013, James Hall III filed a small claims complaint with the trial court against Mr. Turner and his wife, Sylvia.[1] He claimed he had given Mr. Turner

---

1. No judgment was ultimately rendered against Mrs. Turner, and she is not party to this appeal.

$1800 to purchase a headstone for the grave of Mr. Turner's father, which had not been installed.  He also claimed he was owed $250 in social security money.

{¶3}   August 16, 2013 Mr. Turner filed a counterclaim, alleging he was owed $1050 from a joint checking account in the name of Mr. Hall and his late father, and $1950 as a sanction against Mr. Hall.

{¶4}   August 28, 2013, trial was held before the magistrate, who entered judgment that same day for the Turners on Mr. Hall's claim, and for Mr. Hall on the counterclaim.  The trial court adopted the decision the same day.  Mr. Hall moved for findings of fact and conclusions of law.  September 13, 2013, the magistrate filed an amended decision.  The magistrate determined the $1800 given by Mr. Hall to Mr. Turner were proceeds of an insurance contract paid to Mr. Hall on the death of Mr. Turner's father; and, that while Mr. Hall believed the money was to be spent on a headstone, no contract to that effect existed.  He further reaffirmed his decision denying Mr. Turner's counterclaim for the money in the joint checking account, noting it passed by law to Mr. Hall.

{¶5}   Mr. Hall filed objections to the magistrate's amended decision, but no transcript of the small claims hearing, or affidavit of evidence was filed.  November 4, 2013, the trial court filed its judgment entry.  It affirmed the magistrate's denial of the counterclaim, but found a contract did exist between the parties for the purchase of a headstone.  Consequently, it rejected the magistrate's finding against Mr. Hall on his claim, and entered judgment for him in the amount of $1800, with legal interest.

{¶6}   Mr. Turner timely appealed, assigning a single error: "The trial court erred as a matter of law when it reversed the decision of the magistrate since the appellee

2

failed to provide the trial court with a transcript in order to support his objections to the amended decision of the magistrate."

{¶7} Normally, we review a trial court's decision to adopt, reject, or modify a magistrate's decision for abuse of discretion. *In re Gochneaur*, 11th Dist. Ashtabula No. 2007-A-0089, 2008-Ohio-3987, ¶16. However, in *Haverdick v. Haverdick*, 11th Dist. Trumbull No. 2010-T-0040, 2010-Ohio-6256, ¶16, this court held:

{¶8} "[T]he trial court did not possess a transcript of the testimony heard by the magistrate. Without the aid of a transcript, the trial court could not have conducted an independent review of appellant's documentation and testimony. Civ.R. 53(D)(4)(d) mandates that a trial court undertake an independent review 'as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law.' Id. The trial court clearly failed to meet its obligation under the Civil Rules and thus the trial court's adoption of the magistrate's decision is defective as a matter of law. *In re B.D.*, 11th Dist. Nos. 2009-L-003 and 2009-L-007, 2009 Ohio 2299, at ¶79; see, also, *Cottage v. Cottage* (June 13, 1997), 11th Dist. No. 96-T-5412, 1997 Ohio App. LEXIS 2592, *28, citing *Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 6, * * *." (Parallel citations omitted.)

{¶9} This case involves an oral contract.

{¶10} "The terms of an oral contract must be established by oral testimony and their determination is a question for the trier of fact. *Boone Coleman Constr. v. Spencer* (June 23, 1993), Scioto App. No. 92-CA-2076, 1993 Ohio App. LEXIS 3273, unreported. See, also, *Murray v. Brown-Graves Co.* (App.1922), 1 Ohio Law Abs. 167. In a bench trial, the trial court, as the trier of fact, must resolve any evidentiary conflict surrounding

3

disputed provisions of an oral contract. See *Geriatric Nursing Care v. Eastgate Health Care Center, Inc.* (July 12, 1993), Clermont App. No. CA93-03-022, 1993 Ohio App. LEXIS 3487, unreported." *Zink v. Harp*, 12th Dist. Warren No. CA93-02-009, 1993 Ohio App. LEXIS 4808, *3-4 (Oct. 4, 1993).

{¶11} In this case, the magistrate was the trier of fact, and determined that Mr. Hall failed to establish the existence of an oral contract. Mr. Hall failed to file a transcript of the hearing before the magistrate, or an affidavit of evidence, to support his objections to the magistrate's amended decision, contrary to Civ.R. 53(D)(3)(b)(iii). Without these evidentiary submissions, the trial court could not conduct an independent review of the magistrate's amended decision, as required by Civ.R. 53(D)(4)(d). Thus, we respectfully find the trial court erred as a matter of law in rejecting that portion of the magistrate's decision finding there was no oral contract between the parties. *Haverdick*, *supra*, at ¶16.

{¶12} The assignment of error has merit. The judgment of the Painesville Municipal Court is reversed, and this matter is remanded for further proceedings consistent with this opinion.


TIMOTHY P. CANNON, P.J., concurs in judgment only,

THOMAS R. WRIGHT, J., concurs in judgment only with Concurring Opinion


_____


THOMAS R. WRIGHT, J., concurs in judgment only with Concurring Opinion.


4

**{¶13}** I concur in judgment but write separately as my analysis differs from that of the majority.

**{¶14}** The majority states that the trial court "could not" have done an independent review of the magistrate's decision without a transcript and therefore reverses. I disagree with that categorical statement. It may be that the trial court listened to an audio recording of the evidence and decided the case on that basis. However, the record does not show that this was done.

**{¶15}** As no transcript was filed and the record does not show that the court used alternative means to fulfill his "independent review" obligation, I too reverse and remand for further proceedings.