OPINION
{¶ 1} Defendant-appellant, Linda Cramer, appeals her conviction in the Butler County Court of Common Pleas for complicity to felonious assault. We affirm the conviction and the sentence is affirmed as modified.
 {¶ 2} On October 12, 2002, appellant and Cathleen Hatton ("Hatton") arrived at Jeepies' Bar ("Bar") in Middletown between 9:30 and 10:00 p.m. Appellant and Hatton sat at the back of the Bar by the pool table. Appellant and Hatton had been involved in a romantic relationship for approximately five months.
 {¶ 3} Shortly after their arrival, Tammy Flack ("Flack") entered the Bar. Flack and appellant had been in a six-year romantic relationship and had lived together. Their relationship ended approximately two years previously.
 {¶ 4} Hatton alleged that she began receiving threatening phone calls from Flack once she began her relationship with appellant. When Hatton saw Flack enter the Bar, she stated, "who let the hogs out?" At that point an altercation ensued. Hatton grabbed Flack and then Flack punched Hatton. Appellant then became involved in the altercation. The women threw pool balls at each other during the fight. Two men ultimately broke up the fight. The owner of the Bar, Mary Engle, ejected appellant and Hatton from the Bar.
 {¶ 5} Appellant returned to the Bar to retrieve her cigarettes and lighter. Once inside the Bar again, appellant stated to Flack, "Bitch, if you want some, come on out the door." Flack exited the Bar and another fight ensued outside. According to Flack, once the three women were outside, appellant passed Hatton an object and stated, "here, cut the bitch." Hatton then inflicted several stab wounds to Flack with a pocketknife.
 {¶ 6} Hatton and appellant testified that Flack was the initial aggressor, and that once the three women were outside, Flack told Hatton, "I'll kill you bitch." Hatton testified that when she opened her knife to defend herself appellant grabbed Flack and slammed her to the ground. Hatton then fell to the ground with Flack, and during the ensuing struggle, Hatton stabbed Flack four times with her pocketknife.
 {¶ 7} After the stabbing, Flack remained on the ground unconscious until medical personnel arrived and took her to the hospital. Appellant and Hatton left the scene and walked to appellant's house. On the way, Hatton discarded the knife by throwing it into a field.
 {¶ 8} Flack was taken to Middletown Hospital where she was treated for four stab wounds. Flack remained in the hospital for five and one-half days. Appellant and Hatton were charged with complicity to felonious assault and felonious assault, respectively, and warrants were issued for their arrest. Appellant and Hatton were arrested approximately a week after the incident in Detroit on the U.S. and Canadian border.
 {¶ 9} Appellant and Hatton pled not guilty to the charges. On January 27, 2003, the case went before a jury. The jury found appellant guilty of complicity to felonious assault, and found Hatton guilty of felonious assault. Appellant was sentenced to four years in the Ohio Department of Rehabilitation and Corrections, of which one year was deemed mandatory pursuant to R.C. 2929.13(F).
 {¶ 10} On February 11, 2003, appellant filed a postconviction motion for acquittal. That motion was overruled on February 19, 2003. Appellant appeals her conviction and sentence raising six assignments of error:
 {¶ 11} Assignment of Error No. 1:
 {¶ 12} "The Trial Court erred to the prejudice of the defendant/appellant in overruling appellant's post-conviction motion for acquittal and in entering a verdict of guilty to complicity to felonious assault when the evidence was insufficient to support a conviction."
 {¶ 13} Appellant argues that "when the State has failed to prove each element of the offense, the evidence is insufficient to support a guilty finding and the trial court errs as a matter of law when it fails to grant a defendant's post-conviction motion for acquittal."
 {¶ 14} Crim.R. 29(A) provides that the court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of the offense charged if the evidence is insufficient to sustain a conviction of such offense. In determining whether a trial court improperly rejected a motion for acquittal, the relevant inquiry is whether, after viewing evidence in light most favorable to prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Thomkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52.
 {¶ 15} When a motion to acquit has been overruled by a trial court, the question for a reviewing court is whether, viewing the evidence in the light most favorable to the state, reasonable minds can reach different conclusions as to whether each material element of the charged crime has been proved beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 16} In the matter sub judice, appellant was charged with complicity to felonious assault. Complicity to felonious assault is defined in R.C. 2903.11(A)(2). That section states:
 {¶ 17} "No person shall knowingly do either of the following:
 {¶ 18} "Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 19} "Deadly weapon" is defined in R.C 2923.11(A):
 {¶ 20} "Deadly weapon means any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." See, also, R.C. 2903.11(E)(1).
 {¶ 21} Appellant argues that the evidence presented at trial is insufficient as a matter of law to sustain her conviction for complicity to felonious assault because the evidence fails to prove that the knife used was a "deadly weapon" as that term is defined by law.
 {¶ 22} Appellant's argument challenges the legal sufficiency of the state's evidence. A sufficiency of the evidence argument challenges whether the state has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. Thompkins,78 Ohio St.3d at 386. The proper test to apply is the one set forth in paragraph two of the syllabus of State v. Jenks:
 {¶ 23} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 24} Appellant argues that there is no proof that the knife used was capable of inflicting death. In that regard appellant points out that the only reference to the weapon was when the victim described it as a pocketknife. The knife was never introduced into evidence and there was no testimony describing the length of the blade. The knife was never recovered from the field where Hatton discarded it.
 {¶ 25} We agree with appellant that knives are generally not presumed to be deadly weapons. State v. Workman (1992),84 Ohio App.3d 534, 536. Instead, the state has the burden to prove that the knife meets the statutory definition of deadly weapon set out in R.C. 2923.11. Id.
 {¶ 26} The definition of deadly weapon in R.C. 2923.11(A) imposes two requirements of proof. First, the article must be capable of inflicting death. Second, the article must either (1) have been designed or specially adapted for use as a weapon or (2) possessed, carried, or used as a weapon. Either alternative branch of the second requirement can be employed to prove the proposition. When use is a factor, the manner of its use and the nature of the instrument itself determines its capacity to inflict death. State v. Deboe (1977), 62 Ohio App.2d 192, 193.
 {¶ 27} Appellant cites State v. Anderson (1981),2 Ohio App.3d 71, in which the court held that a pocketknife the defendant carried in his pocket was not a deadly weapon. However, there was no evidence that the defendant in Anderson was involved in criminal conduct with the pocketknife. The knife remained in the defendant's pocket until a frisk revealed his possession of the knife. Here, Hatton had the knife at the ready in her hand when inflicting wounds upon Flack. Unlike the defendant in Anderson, appellant and Hatton were involved in criminal conduct with the pocketknife.
 {¶ 28} Thus, the issue presented is whether the pocketknife wielded was (1) capable of inflicting death, and (2) used as a weapon. R.C. 2923.11(A). We believe those elements were fully proved. Clearly, the evidence presented in this case demonstrates that the knife was used as a weapon. See State v. Heath,
Montgomery App. No. 19350, 2003-Ohio-1262. Flack suffered numerous puncture wounds to her chest and abdomen as a result of being repeatedly stabbed by Hatton.
 {¶ 29} Furthermore, according to Flack, when appellant passed the knife to Hatton she stated, "here, cut the bitch." This demonstrates her awareness that the knife was capable of inflicting harm and even death. See State v. Clendenin (Jan. 24, 2000), Stark App. No. 1999CA00228. Moreover, a knife is an instrument capable of inflicting death by virtue of its design and manner of use. See Deboe, 62 Ohio App.2d at 193;Anderson, 2 Ohio App.3d at 72.
 {¶ 30} Appellant also argues the State "failed to prove with sufficient evidence that appellant aided and abetted Hatton in committing the offense of felonious assault." However, Flack testified that appellant was thrown out of the bar after the initial fight was stopped. Appellant then returned to the bar and lured Flack outside by stating, "Hey Flack, you want some of this bitch, come outside." Flack exited the bar, and once outside, appellant passed Hatton an object and stated, "here, cut the bitch." Hatton then inflicted several stab wounds to Flack's chest and abdomen with a pocketknife.
 {¶ 31} Viewing the evidence in this case in a light most favorable to the state, as we are required to do, we conclude that a rational trier of fact could find all of the essential elements of complicity to felonious assault, including the use of a deadly weapon, to have been proved beyond a reasonable doubt. Reasonable minds can reach only one conclusion as to whether each material element of the charged crime has been proved beyond a reasonable doubt, and that conclusion is adverse to the appellant.
 {¶ 32} Appellant's conviction is supported by legally sufficient evidence. Therefore, the trial court properly rejected the motion for acquittal. Consequently, the first assignment of error is overruled.
 {¶ 33} Assignment of Error No. 2:
 {¶ 34} "The trial court erred to the prejudice of the defendant/appellant in entering a verdict of guilty to the offense of felonious assault.[1] As the verdict is not supported by the manifest weight of the evidence."
 {¶ 35} Appellant argues that "the trial court abused its discretion in finding the Appellant guilty of complicity to felonious assault because the weight of the evidence offered by the parties does not support a guilty finding."
 {¶ 36} The weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. Thompkins,78 Ohio St.3d at 387. In reviewing an appellant's claim on this issue, an appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id., quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175. Appellate courts are cautioned to sustain a manifest weight argument in exceptional cases only, where the evidence "weighs heavily against the conviction." Id. To reverse a jury verdict as being against the manifest weight of the evidence, a unanimous concurrence of all three appellate judges is required. Thompkins, at 389.
 {¶ 37} Appellant claims that her conviction is against the manifest weight of the evidence because Flack was the initial aggressor. Hatton testified that Flack came outside, grabbed her by the hair, and stated, "I'll kill you bitch." According to Hatton, she opened her knife to defend herself, and then appellant grabbed Flack and slammed her to the ground. Hatton then fell to the ground with Flack, and during the ensuing struggle, Hatton stabbed Flack with her pocketknife.
 {¶ 38} Flack testified that appellant was thrown out of the Bar after the initial fight inside the Bar ended. Appellant returned to the bar and stated, "Hey Flack, you want some of this bitch, come outside." Flack exited the Bar, and once outside, appellant passed Hatton an object and stated, "here, cut the bitch." Hatton then inflicted several stab wounds to Flack with a pocketknife.
 {¶ 39} This testimony creates a conflict in the evidence, but the credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve.State v. DeHass (1967), 10 Ohio St.2d 230, 231. The jury, sitting as the trier of fact, did not lose its way in this case simply because it chose to believe the victim's testimony.
 {¶ 40} In reviewing this record as a whole, we cannot say that the evidence weighs heavily against a conviction, that the trier of fact lost its way, or that a manifest miscarriage of justice has occurred. Appellant's conviction for complicity to felonious assault is not against the manifest weight of the evidence. Therefore, the second assignment of error is overruled.
 {¶ 41} Assignment of Error No. 3:
 {¶ 42} "The trial court erred to the prejudice of the defendant/appellant in failing to instruct the jury on complicity to assault as a lesser included offense of complicity to felonious assault."
 {¶ 43} Appellant argues that "when the evidence presented at trial raises the question as to whether the trier of fact might reasonably find that a lesser included offense had been committed rather than the offense charged in the indictment, it is plain error for the Court to fail to instruct on the lesser included offense."
 {¶ 44} A charge on a "lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v. Thomas (1988),40 Ohio St.3d 213, paragraph two of the syllabus.
 {¶ 45} In State v. Rogers (Mar. 4, 1993), Cuyahoga App. No. 62014, the appellate court found the evidence supporting a defendant's felonious assault conviction was so strong, the evidence presented could not reasonably support an acquittal on that charge and, therefore, an instruction on the lesser included offense of simple assault was not warranted. That reasoning applies with equal force here.
 {¶ 46} Appellant admits to telling Flack to exit the Bar to continue the fight. A witness in the bar, Kevin Bush, corroborated the statement, testifying that appellant returned and told Flack, "I got something for you out back." The witness saw Flack exit the Bar and then fall to the ground outside, however, he could not see appellant and Hatton from his viewpoint. But, once Flack was on the ground, he could perceive Hatton and appellant. Bush testified that he did not see Hatton fall to the ground with Flack. Bush saw Hatton "get down next to [Flack], like, kind of like over top of her and went, like, stabbing her." Bush testified Hatton was stabbing Flack "in the stomach." Flack required a five and one-half day hospital stay as a result of the stab wounds.
 {¶ 47} Flack testified that once the three women were outside, appellant passed an object to Hatton and stated, "here, cut the bitch." Furthermore, Hatton admitted to using a pocketknife to stab Flack. The dispute involved whether the knife was a deadly weapon. As noted above, we found that the knife involved was a deadly weapon.
 {¶ 48} Therefore, the trial court did not err in failing to instruct the jury on the offense of complicity to simple assault. The third assignment of error is overruled.
 {¶ 49} Assignment of Error No. 4:
 {¶ 50} "The defendant/appellant was prejudiced and denied due process of law in that she was denied effective assistance of counsel in violation of the sixth and fourteenth amendments of the united states constitution and article I section 16 of the ohio constitution."
 {¶ 51} Appellant argues that when "counsel fails to meet an objective standard of reasonableness in her representation of the Appellant, and her performance is prejudicial to the Appellant, the Appellant has been denied effective assistance of counsel."
 {¶ 52} We evaluate claims of ineffective assistance of counsel under the two-part test provided in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, the result of the proceeding would have been different.State v. Bradley (1989), 42 Ohio St.3d 136, 142.
 {¶ 53} Appellant first contends that defense counsel was ineffective when she failed to request a jury instruction on assault rather than felonious assault. However, as discussed above, it would have been improper for the trial court to instruct the jury on the offense of complicity to simple assault if the jury instruction was requested. Thus, counsel was not ineffective for failing to request a jury instruction on complicity to assault rather than complicity to felonious assault.
 {¶ 54} Appellant also contends that defense counsel was ineffective when she failed to raise the "issue of whether Flack was intoxicated or had been using Zanex [sic] such that her memory would be affected." However, appellant's counsel did raise the issue. Appellant's counsel asked Flack, "How many drinks did you have?" Flack replied, "Like, about three or four." Appellant's counsel asked Flack, "How much do you drink on a daily basis?" Flack replied, "It just depends on whatever I'm doing." Appellant's counsel asked Flack, were you "so intoxicated, you don't remember what happened?" Flack answered "No ma'am. No, that is not true." Furthermore, Hatton's counsel asked Flack, "what medication did you have in your system prior to going into the bar that night?" Flack replied, "My doctor has me prescribed on Xanax." Clearly, appellant's counsel raised the issue of whether Flack was impaired such that her memory would be affected.
 {¶ 55} Appellant contends that defense counsel was ineffective when she failed to ask for a mistrial when she received information that "all the witnesses, including Flack, were discussing the case outside the courtroom." Appellant's counsel's husband informed her that "Flack and all of the other witnesses that are being called by the State [were] discussing and talking about this case" outside the courtroom. However, counsel could not inform the court of what transpired since she had not heard any of the discussion. Thereafter, appellant's counsel asked for separation of witnesses and an instruction from the court directing the witnesses not to discuss their testimony.
 {¶ 56} Appellant's counsel's request for separation of witnesses and an instruction from the court directing the witnesses not to discuss their testimony rather than a mistrial was a strategic decision that does not compel a finding of ineffective assistance of counsel. A trial counsel's choice of tactics must be given deference. State v. Nobles (1995),106 Ohio App.3d 246, 276. Even a questionable trial strategy does not compel a finding of ineffective assistance of counsel. State v.Smith (2000), 89 Ohio St.3d 323, 328.
 {¶ 57} Appellant contends that defense counsel was ineffective when she failed "to challenge the sufficiency of the evidence in proving that the knife used in the incident had never been produced and had not been proven to be a deadly weapon." However, Hatton admitted to using a knife to stab Flack, so production of the knife was necessary only to demonstrate its status as a deadly weapon. As discussed above, Hatton clearly used the knife as a weapon to inflict wounds upon Flack. Based upon Hatton's use of the knife, it is a deadly weapon. SeeDeboe, 62 Ohio App.2d 192; Anderson, 2 Ohio App.3d 71. Therefore, trial counsel promoted the only defense available, the defense of self-defense.
 {¶ 58} A strong presumption exists that licensed attorneys are competent and that the product of a sound trial strategy falls within the wide range of professional assistance. State v.Bradley (1989), 42 Ohio St.3d 136, 142. Consequently, appellant's attorney was not ineffective and the fourth assignment of error is overruled.
 {¶ 59} Assignment of Error No. 5:
 {¶ 60} "The trial court errs to the prejudice of the defendant/appellant by imposing a prison sentence of four years and a mandatory sentence for felonious assault, a felony of the second degree."
 {¶ 61} Appellant argues that the "Trial Court abuses its discretion and errs as a matter of law when it imposes a mandatory sentence for second degree felony felonious assault and does not apply the sentencing guidelines correctly." Appellant maintains that the trial court abused its discretion in imposing a sentence of four years.
 {¶ 62} Appellant was convicted of a second-degree felony. The term of imprisonment a trial court may impose for a second-degree felony is two, three, four, five, six, seven, or eight years pursuant to R.C. 2929.14(A)(2). The trial court imposed a four-year term finding that the shortest prison term would demean the seriousness of the offense and would not adequately protect the public. The sentence is not in violation of the statute and is not an abuse of discretion.
 {¶ 63} The trial court imposed a mandatory one-year sentence pursuant to R.C. 2929.13(F) upon appellant in its sentencing entry. However, the trial court did not impose a mandatory term during the sentencing hearing. Furthermore, the mandatory sentencing provisions of R.C. 2929.13(F) do not apply to appellant.
 {¶ 64} Consequently, we find that the trial court's citation to R.C. 2929.13(F) in the sentencing entry is a clerical error. Accordingly, we modify the trial court's sentencing entry to reflect that appellant is sentenced to a four-year term in prison without reference to the mandatory one-year term. The assignment of error is overruled as modified.
 {¶ 65} Assignment of Error No. 6:
 {¶ 66} "The cumulative effect of errors in the proceedings below denied defendant/plaintiff her constitutional right to a fair trial."
 {¶ 67} Appellant argues that even if this court finds the errors in the previous assignments of error were harmless, the cumulative effect of these errors resulted in unfair prejudice. The Supreme Court of Ohio has recognized the doctrine of cumulative error when numerous "harmless errors" are combined.State v. DeMarco (1987), 31 Ohio St.3d 191, 197. In order for the doctrine of cumulative error to be applicable, however, an appellate court must find that multiple errors, none of which individually rose to the level of prejudicial error, actually occurred in the trial court. Id.
 {¶ 68} This court has carefully reviewed the trial transcript and the various arguments raised on appeal and finds that a cumulative effect of any errors does not exist as we find only the clerical error in the sentencing entry, which does not rise to the level of prejudicial error. Therefore, appellant's sixth assignment of error is overruled.
 {¶ 69} Conviction affirmed and sentence affirmed as modified.
Powell, P.J., and Walsh, J., concur.
[1] Appellant was actually found guilty of complicity to felonious assault.