OPINION
{¶ 1} Defendant-appellant, Denver Amburgey, appeals his convictions in the Clermont County Court of Common Pleas for kidnapping and rape. We affirm the convictions.
 {¶ 2} On June 12, 2004, Rebecca Fletcher was allowed to leave work several hours early. She had been dropped off at work by her boyfriend who proceeded to his job across the street, a busy state route. She proceeded to walk in that direction. Faced with a busy intersection without pedestrian crossing signals, she accepted appellant's offer to drive her across the intersection. However, appellant instead drove her to a secluded area off of a no-outlet road, over Fletcher's protestations. Although he told her that he was going to turn around, he instead parked the truck. By this time she was "terrified" and crying. Appellant got out of the van, exposed himself, and began fondling himself. After about ten minutes, he returned to the van and told Fletcher that he "wanted to get to know her better" and invited her to the back of the van where there was a bed. He then plainly asked her to have sex, and told her that if she did as he asked, everything would be ok. He forced her to engage in fellatio, and then, finally, drove her to her original destination. She went to her car where she sat for approximately twenty minutes before she told her boyfriend what had occurred. The police were notified. In a statement given to police appellant corroborated the sequence of events but maintained that the encounter was consensual, and that he had given Fletcher money and marijuana in exchange for sex.
 {¶ 3} Appellant was indicted on charges of rape, in violation of R.C. 2907.02(A)(2) and kidnapping, in violation of R.C.2905.01(A)(4). The matter proceeded to trial and a jury found appellant guilty of both charges. He appeals the convictions, raising one assignment of error:
 {¶ 4} "THE TRIAL COURT ERRED IN THAT THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} The weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. When considering whether a conviction is supported by the weight of the evidence, an appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id., quotingState v. Martin (1983), 20 Ohio App.3d 172, 175. Appellate courts are cautioned to sustain a manifest weight argument in exceptional cases only, where the evidence "weighs heavily against the conviction." Id. To reverse a jury verdict as being against the manifest weight of the evidence, a unanimous concurrence of all three appellate judges is required.Thompkins at 389.
 {¶ 6} Appellant's sole contention is that his convictions are against the manifest weight of the evidence because Fletcher's testimony was not credible. He argues that the encounter with Fletcher was consensual and contends that the following evidence is consistent with his version of the events: an alleged inconsistency between Fletcher's testimony and the statement she provided police; the lack of forensic evidence; Fletcher's failure to use appellant's cell phone to call for help while she was alone in the van; and Fletcher's failure to immediately run or scream for help once appellant dropped her off. Appellant concludes that, given this evidence, the jury lost its way when it chose to believe Fletcher's testimony.
 {¶ 7} While these facts may create a conflict in the evidence or call into question Fletcher's credibility, the credibility of the witnesses and the weight to be given to their testimony are ultimately matters for the trier of fact to resolve. State v.DeHass (1967), 10 Ohio St.2d 230, 231. The jury, sitting as the trier of fact, did not lose its way in this case simply because it chose to believe Fletcher's testimony over appellant's version of the incident. See State v. Cramer, Butler App. No. CA2003-03-078, 2004-Ohio-1712, ¶ 39; State v. White, Butler App. No. CA2003-09-240, 2004-Ohio-3914, ¶ 28.
 {¶ 8} Reviewing the record as a whole, we cannot say that the evidence weighs heavily against a conviction, that the trier of fact lost its way, or that a manifest miscarriage of justice has occurred. Appellant's rape and kidnapping convictions are not against the manifest weight of the evidence. The assignment of error is overruled.
 {¶ 9} Judgment affirmed.
Young and Bressler, JJ., concur.