[Cite as *State v. DeBorde*, 2014-Ohio-761.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                          :

                           :

  - vs -

                           :

TOMMY DeBORDE,                                :

    Defendant-Appellant.                         :

CASE NO. CA2013-04-058

O P I N I O N
3/3/2014

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-10-1716

Michael T. Gmoser, Butler County Prosecuting Attorney, Kimberly L. McManus, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Neal D. Schuett, 121 West High Street, Oxford, Ohio 45056, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Tommy DeBorde, appeals his conviction in the Butler County Court of Common Pleas for one count of robbery. For the reasons detailed below, we affirm appellant's conviction.

{¶ 2} On December 12, 2012, appellant was indicted on one count of robbery under R.C. 2911.02(A)(1). The charge arose out of allegations that on October 14, 2012, appellant stole approximately $34.00 in cash from a wallet and, in fleeing from the owner of the wallet

and the owner's girlfriend, brandished a knife.

{¶ 3}   A two-day jury trial was held beginning on January 7, 2013.  At trial, the state presented the eyewitness testimony of the victims, Michael Atwood and Brittany Smith.  Smith testified that on October 14, 2012, she and Atwood went to the Circle K convenience store located in Butler County, Ohio to purchase a fountain drink.  Smith stated that she waited in the passenger side seat of Atwood's automobile while Atwood went inside the store.

{¶ 4}   While waiting in the vehicle, Smith observed appellant approach the driver's side of Atwood's vehicle and bend over to pick up an object on the ground.  Smith testified that she believed appellant had picked up a wallet and became concerned that the wallet belonged to Atwood.  Smith stated that she then went inside the store to locate Atwood, where she confirmed that Atwood was indeed missing his wallet.  Atwood and Smith immediately exited the store and went to the rear of the building where they found appellant.  After inspecting the area, Smith testified that she located Atwood's wallet in some nearby bushes with all of the money missing.  Appellant denied taking Atwood's money and then fled the scene.

{¶ 5}   Following the initial encounter with appellant, Atwood and Smith stated that they chased appellant a few blocks down the street where they caught up to him.  According to Atwood and Smith, appellant then held out a handful of money, brandished a knife and stated "[t]his is my effing money."  Atwood and Smith retreated from the scene and called 911.  Appellant was later arrested and found in possession of $35.00.  The knife was not recovered.

{¶ 6}   At the close of the state's evidence, the defense made a Crim.R. 29 motion for acquittal, which the trial court denied.  The defense then rested without calling any witnesses.  Following closing arguments, the jury found appellant guilty of robbery.  Appellant was subsequently sentenced to a five-year prison term.  Appellant now appeals his conviction,

raising two assignments of error for review:

{¶ 7}   Assignment of Error No. 1:

{¶ 8}   THE STATE PRESENTED INSUFFICIENT EVIDENCE TO CONVICT APPELLANT OF ROBBERY, IN VIOLATION OF R.C. 2911.02(A)(1).

{¶ 9}   Under his first assignment of error, appellant argues his conviction is based on insufficient evidence.   Specifically, appellant contends the state failed to offer sufficient evidence that appellant (1) committed a theft offense, (2) possessed a deadly weapon, or (3) possessed a deadly weapon while fleeing immediately after a theft offense within the meaning of R.C. 2911.02.

{¶ 10}  A determination as to whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law.  *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt."  *State v. Paul*, 12th Dist. Fayette No. CA2011-10-026, 2012-Ohio-3205, ¶ 9.  Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *State v. Dixon*, 12th Dist. Clermont No. CA2007-01-012, 2007-Ohio-5189, ¶ 13, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 11}  As previously noted, appellant was convicted of robbery.  The crime of robbery is defined under R.C. 2911.02 and provides: "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control." R.C. 2911.02(A)(1).

{¶ 12} Appellant first argues that his conviction must be reversed because the state failed to provide sufficient evidence that he committed a "theft offense." Specifically, appellant alleges the state failed to provide evidence that the money found in appellant's possession belonged to Atwood.

{¶ 13} The term "theft offense" is defined in R.C. 2913.01(K), which provides a list of crimes that constitute theft offenses. In this case, appellant was charged with committing a theft offense in violation of R.C. 2913.02, which provides:

> No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent.

{¶ 14} Based on our review of the record, we find the state presented sufficient evidence to support a finding that appellant committed a theft offense. During appellant's trial, the state presented the testimony of Smith, Atwood, and the two investigating police officers. Smith testified that she observed appellant pick an object off the ground, shuffle through the contents, and then walk behind the store. Smith also testified that she located Atwood's wallet behind the store in the vicinity of appellant. Furthermore, Atwood clearly testified that he was missing approximately $34.00 from his wallet. Atwood's testimony was further corroborated by the investigating police officers who testified that appellant was arrested with $35.00 in his possession.

{¶ 15} The testimony introduced by the state gives rise to a reasonable inference that appellant picked up Atwood's wallet, removed Atwood's money that was contained therein, and then fled the scene for the purpose of obtaining control of the money. A rational trier of fact, relying on common knowledge and experience, could have found that appellant committed a theft offense beyond a reasonable doubt. Therefore, the state presented sufficient evidence that appellant committed a theft offense within the meaning of R.C.

2911.02. Appellant's arguments to the contrary are without merit.

{¶ 16} Appellant next contends that the state failed to provide sufficient evidence that he possessed a "deadly weapon." In support, appellant argues the state failed to provide sufficient evidence that the knife was capable of inflicting death because the weapon was never recovered, there was no testimony about the size or weight of the weapon and "[a]t no point was the instrument at-issue 'wielded against the body of the victim or threatened to be so wielded.'"

{¶ 17} Pursuant to R.C. 2923.11(A), a "deadly weapon" is defined as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." The definition of deadly weapon in R.C. 2923.11(A) imposes two requirements of proof. "First, the article must be capable of inflicting death. Second, the article must either (1) have been designed or specially adapted for use as a weapon or (2) possessed, carried, or used as a weapon." *State v. Woodruff*, 12th Dist. Butler No. CA2008-11-284, 2009-Ohio-4133, ¶ 21, quoting *State v. Cramer*, Butler App. No. CA2003-03-078, 2004-Ohio-1712, ¶ 26. "Either alternative branch of the second requirement can be employed to prove the proposition." *Id.* "When use is a factor, the manner of its use and the nature of the instrument itself determines its capacity to inflict death." *Cramer* at ¶ 26.

{¶ 18} Under Ohio law, a knife is not presumed to be a deadly weapon. *State v. Pringle*, 12th Dist. Butler Nos. CA2007-08-193, CA2007-09-238, 2008-Ohio-5421, ¶ 43. "However, a knife is an instrument readily identifiable as one capable of inflicting death." *State v. Watters*, 8th Dist. Cuyahoga No. 82451, 2004-Ohio-2405, ¶ 36; *State v. Cattledge*, 10th Dist. Franklin No. 10AP-105, 2010-Ohio-4953.

{¶ 19} As an initial matter, the fact that the knife was never recovered is not dispositive of the issue of whether appellant possessed a deadly weapon. *Cramer*, 2004-Ohio-1712 at ¶

31; *State v. Hunter*, 8th Dist. Cuyahoga No. 90126, 2008-Ohio-3138, ¶ 23; *State v. Hill*, 5th Dist. Stark No. 1998CA0083, 1999 WL 174921, *10 (March 8, 1999). The undisputed facts show that appellant brandished a weapon, which caused the victims to retreat and call 911. The police later located appellant at his residence where he was arrested. Accordingly, appellant clearly had sufficient time to dispose of the weapon or conceal its location.

{¶ 20} In the present case, both Smith and Atwood testified that appellant brandished a "knife" or "razorblade knife" during the altercation in a threatening manner to prevent them from recovering the stolen money. Smith testified "[w]ell, at first [appellant] was holding [the knife] kind of like to his side, just to his side. And then [appellant] pulled out the money, * * * and that's when he kind of raised it a little bit. And then that's when * * * [appellant] kept telling us to stay away from him and he was going to use it." Additionally, Atwood testified "[appellant] had * * * pulled out the money and flashed it to us and had had [sic] a knife on his side and just * * * made it pretty clear that * * * if we came any closer possibly he'd use it or so." The state also provided the tape recorded 911 call made by Smith, in which she stated that appellant had a knife.

{¶ 21} We find the testimony provided by Atwood and Smith was clearly sufficient to establish that appellant possessed a "deadly weapon" within the meaning of R.C. 2923.11. The state presented uncontested evidence that appellant possessed a knife and wielded it in a threatening manner to prevent the victims from recovering the stolen money. Indeed, Smith acknowledged during her testimony that appellant brandished the weapon and stated that he was "going to use [the knife]." The testimony provided by the state clearly indicates that appellant used the knife as a deadly weapon when he brandished it and threatened the victims. *See, e.g., State v. Pringle*, 12th Dist. Butler Nos. CA2007-08-193, CA2007-09-238, 2008-Ohio-5421, ¶ 44 (affirming a finding that a knife was a deadly weapon when appellant picked up a knife and threatened to "cut [the victim's] insides out"); *State v. Robinson*, 4th

Dist. Lawrence No. 10CA6, 2010-Ohio-6579, ¶ 16 (appellant's statement to victim "I'm going to cut you up" demonstrated that appellant intended to use the knife as a deadly weapon); *State v. Workman*, 84 Ohio App.3d 534, 537 (9th Dist.1992) (affirming a finding that a knife was a deadly weapon when appellant brandished a knife after being chased and confronted by police officers). Therefore, we find that there was sufficient evidence that appellant possessed a deadly weapon as defined under R.C. 2923.11(A).

{¶ 22} Finally, appellant argues that the state failed to provide sufficient evidence that he possessed the weapon while "fleeing immediately" from the scene of the theft offense. Specifically, appellant contends that his alleged possession of the knife was not simultaneous with the theft offense or while "fleeing immediately" from the theft offense. In addition, appellant alleges that his conviction should be reversed because there was a significant lapse in time and a number of intervening events between the time appellant picked up the money in the parking lot and when appellant was seen holding a knife. In support of his argument appellant cites the Ohio Supreme Court's decision in *State v. Thomas*, 106 Ohio St.3d 133, 2005-Ohio-4106.

{¶ 23} The terms "fleeing" and "immediately" are not defined in the Ohio Revised Code. *Thomas* at ¶ 15. However, in an effort to define "fleeing immediately," the Ohio Supreme Court has defined the term "flee" as "to run away from, to try to escape, to hasten for safety, or to withdraw hastily,' and 'immediate' as 'occurring without delay.'" *State v. Whitaker*, 12th Dist. Butler No. CA2008-01-034, 2009-Ohio-926, ¶ 11, quoting *Thomas* at ¶ 15. The determination of whether a "person is 'fleeing immediately' is 'fact-specific, as all determinations under [R.C. 2911.02(A)] must be.'" *State v. Hoskins*, Warren No. CA2013-02-013, 2013-Ohio-3580, ¶ 17, quoting *Thomas* at ¶ 16.

{¶ 24} In *Thomas*, the Ohio Supreme Court reversed a defendant's conviction for robbery. *Thomas* at ¶ 17. There, the defendant left a grocery store with stolen merchandise,

- 7 -

dropped it, and then continued to walk away from the store by entering a nearby laundromat. *Id.* at ¶ 12. The defendant was subsequently approached by a security guard from the grocery store who asked the defendant to return to the store, to which he agreed. *Id.* However, as the defendant and security guard approached the grocery store, the defendant struck the security guard in the face and attempted to flee. *Id.* In reversing the defendant's robbery conviction, the Ohio Supreme Court noted that there had been a significant lapse of time between the theft offense and the defendant's attempt to flee, so that the defendant's flight could not have immediately followed the theft. *Id.* at ¶ 16. However, the Court also acknowledged that under slightly different circumstances, the defendant's conduct could have elevated the theft offense to robbery. *Id.* For example "had [the defendant] struggled with [the security guard] in an attempt to flee immediately after [the defendant] left the store, or after he dropped the stolen goods, or after being forced by [the security guard] to return to the store, then an ensuing injury, attempt to injure, or threat to injure might justify elevation of the offense from theft to robbery." *Id.*

{¶ 25} We find the facts in this case are sufficient to sustain appellant's robbery conviction. In this case, both Atwood and Smith testified that appellant fled from the scene almost immediately after Atwood's wallet was discovered in the nearby bushes. Following a brief chase, Atwood and Smith again encountered appellant in an alley a few blocks from the Circle K convenience store. At that point, appellant brandished the knife and threatened the victims. According to Smith's testimony, less than five minutes had elapsed from the time appellant took Atwood's wallet to the time appellant brandished the weapon. Despite appellant's arguments, there was not a significant lapse in time or numerous intervening events between the time of the theft offense and the time in which appellant brandished the knife. The evidence reflects that the entire incident lasted a short period of time and involved one continuous event whereby appellant committed a theft offense, attempted to flee from

the victims, and then brandished a deadly weapon when confronted by the victims.

{¶ 26} The testimony provided by Atwood and Smith gives rise to a reasonable inference that appellant possessed the knife while attempting to flee from the theft offense and therefore was based on sufficient evidence. Accordingly, appellant's argument that his conviction was based on insufficient evidence based on a "significant lapse in time" and "a number of intervening events" is without merit.

{¶ 27} Furthermore, although we have found the evidence supports the jury's verdict that appellant brandished a deadly weapon while "fleeing immediately" from the commission of the theft offense, we also note that the evidence was sufficient to support a finding that appellant possessed a deadly weapon while committing the theft offense. The record reflects that appellant retained possession and "exert[ed] control" of the stolen money throughout the entire chain of events and the theft offense was still in progress when appellant was confronted by Atwood and Smith behind the Circle K convenience store. While being chased by Atwood and Smith, appellant brandished the weapon, which caused the victims to leave and call 911. *See State v. Beasley*, 8th Dist. Cuyahoga No. 87070, 2006-Ohio-4882; *see also State v. Collins*, 10th Dist. Franklin No. 10AP-835, 2011-Ohio-2944. Therefore, appellant's possession of a deadly weapon also satisfied the immediacy element contained within R.C. 2911.01(A)(1).

{¶ 28} Appellant's first assignment of error is overruled.

{¶ 29} Assignment of Error No. 2:

{¶ 30} APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 31} Under his second assignment of error, appellant alleges that his conviction is against the manifest weight of the evidence. Specifically, appellant argues that Atwood and Smith were not credible witnesses because both witnesses avoided their subpoenas and

- 9 -

were only present in court after material witness warrants were issued and they were arrested. Appellant maintains that, in addition to various deficiencies in the evidence presented by the state, the unreliability of the witnesses caused the jury to issue an erroneous verdict. Accordingly, appellant contends that the jury "clearly lost its way" and his conviction must be reversed.

{¶ 32} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298, ¶ 34; *State v. Gray*, 12th Dist. Butler No. CA2011-09-176, 2012-Ohio-4769, ¶ 78. In determining whether the conviction is against the manifest weight of the evidence, an appellate court "must weigh the evidence and all reasonable inferences from it, consider the credibility of the witnesses and determine whether in resolving conflicts, the [fact finder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Coldiron*, 12th Dist. Clermont Nos. CA2003-09-078, CA2003-09-079, 2004-Ohio-5651, ¶ 24. "This discretionary power should be exercised only in the exceptional case where the evidence weighs heavily against conviction." *Id*; *Gray* at ¶ 78.

{¶ 33} Based on our review of the record, appellant's argument is without merit. As previously noted, the state presented sufficient, uncontested evidence that appellant committed the crime of robbery. While it is true that the two eyewitnesses, Atwood and Smith, were issued material witness warrants and were arrested in order to secure their testimony, the jury was made well-aware of that fact during the trial. Nevertheless, the jury chose to believe the testimony offered by the state.

{¶ 34} In light of the evidence presented, the jury did not clearly lose its way in

concluding that appellant was guilty of robbery. *See State v. Dandridge*, 12th Dist. Butler No. CA2003-12-330, 2005-Ohio-1077, ¶ 12 ("A conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony"); *see also State v. Walker*, Butler App. No. CA2006-04-085, 2007-Ohio-911, ¶ 26, quoting *State v. DeHass*, 10 Ohio St.2d 230 (1967) (credibility of the witnesses and the weight to be given the evidence presented are primarily matters for the trier of fact to decide).  The undisputed evidence offered by the state supports the finding that appellant committed a theft offense while in possession of a deadly weapon, attempted to flee from the victims, and then brandished a weapon when confronted by the victims.  Accordingly, appellant's conviction was not against the manifest weight of the evidence and the second assignment of error is overruled.

{¶ 35}  Judgment affirmed.

RINGLAND, P.J., and HENDRICKSON, J., concur.