[Cite as *State v. Flores*, 2014-Ohio-5751.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2014-03-037 |
| | : | O P I N I O N |
| - vs - | | 12/30/2014 |
| | : | |
| GYANMARCO FLORES, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM MASON MUNICIPAL COURT
Case No. 13 CRB 01153

Bethany S. Bennett, Mason City Prosecutor, 6000 Mason-Montgomery Road, Mason, Ohio 45040, for plaintiff-appellee

Blake P. Somers, LLC, Sarah E. Mosher, 114 East 8th Street, Cincinnati, Ohio 45202, for defendant-appellant

**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Gyanmarco Flores, appeals from his conviction in the Mason Municipal Court on one count of domestic violence. For the reasons detailed below, we affirm.

{¶ 2} On November 4, 2013, a complaint was filed charging appellant with one count of domestic violence and one count of menacing arising out of an incident involving his Wife

and Mother-in-law. A one-day bench trial was subsequently held on February 4, 2014.

{¶ 3} The state called three witnesses: (1) Kseniya Petrova, the victim; (2) Angelika Petrova, the victim's mother who witnessed the altercation; and (3) Officer Andrew Herrlinger of the Mason Police Department who responded to the initial complaint.

{¶ 4} Following the close of the state's evidence, appellant moved for acquittal based on insufficient evidence pursuant to Crim.R. 29, which the trial court denied. Thereafter, appellant testified in his own defense.

{¶ 5} After concluding the evidence and closing remarks, the trial court found appellant guilty of one count of domestic violence, but not guilty of menacing. Appellant was then sentenced to 180 days in jail with 150 days suspended. Appellant now appeals his conviction, raising three assignments of error for review. For ease of discussion, we will address the assignments of error out of order.

{¶ 6} Assignment of Error No. 3:

{¶ 7} THE TRIAL COURT ERRED IN FAILING TO SUSTAIN THE DEFENDANT'S MOTION FOR A JUDGMENT OF AQUITTAL.

{¶ 8} In his third assignment of error, appellant argues his conviction is based on insufficient evidence.

{¶ 9} Crim.R. 29(C) permits a trial court, upon motion, to set aside a guilty verdict and enter a judgment of acquittal. *State v. Dougherty*, 12th Dist. Preble No. CA2013-12-014, 2014-Ohio-4760, ¶ 17. "This court reviews a trial court's decision on a Crim.R. 29(C) motion for acquittal using the same standard as that used to review a sufficiency-of-the-evidence claim." *Id.*; *State v. Clements*, 12th Dist. Butler No. CA2009-11-277, 2010-Ohio-4801, ¶ 17.

{¶ 10} A determination as to whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. DeBorde*, 12th Dist. Butler No. CA2013-04-058, 2014-Ohio-761, ¶ 9. "When reviewing the sufficiency of the evidence to support a

criminal conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *Id.* Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Dixon*, 12th Dist. Clermont No. CA2007-01-012, 2007-Ohio-5189, ¶ 13, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 11} The crime of domestic violence is defined in R.C. 2919.25(A) and provides "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." *State v. Thompkins*, 12th Dist. Butler No. CA2013-07-119, 2014-Ohio-1688, ¶ 6. The term "family or household member" includes, inter alia, a spouse or former spouse of the offender, as well as "[t]he natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent." R.C. 2919.25(F)(1).

{¶ 12} In the present case, the state presented the testimony of the victim, Ksenyia Petrova, the victim's mother, Angelika Petrova, and the investigating police officer, Officer Herrlinger.

{¶ 13} Kseniya testified that she was married to appellant in October 2010 and appellant is the father of her five-year-old son. Although she was still married to appellant at the time of the physical violence, Kseniya testified that the two were separated and in the middle of divorce proceedings. Kseniya stated that on November 1, 2013, appellant had driven over to her apartment to pick up their son for visitation pursuant to an interim court order. When appellant arrived, Kseniya testified that she walked her son out to appellant's vehicle where she met appellant. Kseniya described appellant's demeanor as very agitated and further explained that when she approached the vehicle, appellant immediately began arguing with her about child support and about clothing for the child. Kseniya testified that

she argued with appellant for several minutes until appellant suddenly got out of his vehicle, grabbed her, pulled her by the hair, and then spit on her. Kseniya then explained that appellant turned his attention to her mother who was standing near the doorway of the victim's apartment and threatened to kill her. Thereafter, appellant returned to his vehicle, revved the engine, and sped off with the child.

{¶ 14} The state next presented the testimony of Angelika Petrova, the victim's mother. Angelika corroborated the testimony of Kseniya and testified that on November 1, 2013, she was over at Kseniya's house to see her grandson. When appellant came at approximately 5:00 P.M., Angelika waited by the front door and watched Kseniya take her son to buckle him in appellant's vehicle. While Kseniya was doing that, Angelika testified that she could hear appellant yelling and arguing with Kseniya about child support payments and clothing. After a few minutes of arguing, Angelika testified that appellant got out of the vehicle, shoved Kseniya, grabbed her by the hair, and then spit on her. Thereafter, Angelika stated that appellant began yelling at her and threatened to kill her.

{¶ 15} Finally, the state presented the testimony of Officer Herrlinger, the investigating police officer. Officer Herrlinger testified that he was dispatched to Kseniya's house a few days after the altercation to investigate the allegations of domestic abuse. Officer Herrlinger testified that both Angelika and Kseniya informed him of the physical altercation. In addition, Officer Herrlinger testified that Kseniya indicated during the interview that she did not inform authorities of the physical altercation until several days later because she was afraid for the safety of her child and feared retribution.

{¶ 16} Based on the evidence presented at trial, we conclude the trial court's verdict was supported by sufficient evidence and the trial court did not err in denying appellant's Crim.R. 29 motion. When viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found appellant guilty of domestic violence beyond a

reasonable doubt. As such, appellant's third assignment of error is without merit.

{¶ 17} Assignment of Error No. 1:

{¶ 18} THE TRIAL COURT ERRED IN FAILING TO ENSURE A PROPERLY QUALIFIED AND SWORN FOREIGN LANGUAGE "INTERPRETER" WAS USED IN THE PROCEEDINGS BELOW.

{¶ 19} In his first assignment of error, appellant argues that the trial court committed plain error by failing to administer the proper oath to the interpreter used during the testimony presented by Angelika, the victim's mother, who is a native Russian speaker. In addition, appellant argues that the trial court erred because it made no attempt to ascertain the interpreter's skill or experience.

{¶ 20} Pursuant to R.C. 2311.14(A)(1), "[w]henever because of a hearing, speech, or other impairment a party to or witness in a legal proceeding cannot readily understand or communicate, the court shall appoint a qualified interpreter to assist such person." *Luna-Corona v. Esquivel-Parrales*, 12th Dist. Butler No. CA2008-07-175, 2009-Ohio-2628, ¶ 10; *see also State v. Jama*, 189 Ohio App. 3d 687, 2010-Ohio-4739, ¶ 20 (10th Dist.) (a court must appoint a qualified interpreter for parties needing that assistance during legal proceedings pursuant to R.C. 2311.14[A][1]). In addition, R.C. 2311.14(B) provides that, "[b]efore entering upon official duties, the interpreter shall take an oath that the interpreter will make a true interpretation of the proceedings to the party or witness." Moreover, appellant observes that Sup.R. 88(D) establishes certain procedures to assure that a foreign language interpreter is qualified. *State v. Noor*, 10th Dist. Franklin No. 13AP-165, 2014-Ohio-3397, ¶ 66.

{¶ 21} Because appellant failed to object to the interpreter issue at trial, we will review for plain error. *In re M.A.P.*, 12th Dist. Butler Nos. CA2012-08-164 and CA2012-08-165, 2013-Ohio-655, ¶ 59; *Jama* at ¶ 19. Plain error exists where there is an obvious deviation

from a legal rule that affected the party's substantial rights by influencing the outcome of the proceeding. *State v. Vunda*, 12th Dist. Butler Nos. CA2012-07-130 and CA2013-07-113, 2014-Ohio-3449, ¶ 67. "Plain error does not exist unless it can be said that but for the error, the outcome would clearly have been otherwise." *State v. Jackson*, 12th Dist. Butler No. CA2013-10-192, 2014-Ohio-3779, ¶ 26, citing *State v. Biros*, 78 Ohio St.3d 426, 436 (1997).

{¶ 22} Here, the record indicates that the trial court did not administer an oath requiring the interpreter to affirm that he knows, understands, and acts according to the code of professional conduct for court interpreters. Instead, the record reflects that the trial court administered the oath for witnesses. Evid.R. 603; R.C. 2317.30 ("Before testifying, a witness shall be sworn to testify the truth, the whole truth, and nothing but the truth.") In addition, there is no clear evidence in the record that indicates the translator was certified by the Supreme Court.

{¶ 23} Nevertheless, after reviewing the record, we find no merit to appellant's argument. Although there were some irregularities in the use of the translator, there is simply nothing in the record to suggest plain error. During the course of the proceedings, appellant's trial attorney raised no objection as to the qualifications of the interpreter, to the form of the oath, or to the lack of summary of the court's efforts to use a certified or provisionally qualified interpreter. A review of the record indicates that the interpreter was utilized only for purposes of the administration of the witness oath to Angelika and to interpret Angelika's answer to one question. Other than those limited occasions, Angelika's examination and testimony was conducted in English. Moreover, appellant fails to specify how he was prejudiced by the use of this interpreter. Although appellant claims that the use of Angelika's testimony "was likely integral to the Court's finding of guilt," he fails to offer any evidence to suggest improprieties or issues in the translation that would affect the outcome of the trial. Accordingly, we find that plain error did not occur relative to the use of the

interpreter in this case. Appellant's first assignment of error is overruled.

{¶ 24} Assignment of Error No. 2:

{¶ 25} THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING THE PROSECUTOR TO QUESTION THE DEFENDANT, OVER HIS OBJECTION, REGARDING A PRIOR CRIMINAL CONVICTION.

{¶ 26} In his third assignment of error, appellant argues that the trial court erred in admitting evidence of a prior conviction of battery in California. As previously noted, appellant testified in his own defense. Upon cross-examination, the following questions were asked and answered:

Q. Okay. Do you consider yourself an angry person?

A. No.

Q. A violent person?

A. No.

Q. But you have been convicted of battery in the past?

MR. BARTLETT: Judge, objection.

THE COURT: Let him answer the question.

MS. BENNETT: I'm sorry?

THE COURT: Do you understand the question?

THE WITNESS: I understand the question.

THE COURT: Okay go ahead with the answer.

THE WITNESS: No.

Q. You have not been convicted of battery out in California?

A. No. It was, well, it was (Inaudible) to a simple battery.

Q. A simple battery?

A. Yes.

Q. Who was the victim of that?

A. It was Henora.

Q. I'm sorry?

A. Henora.

THE COURT: Who is Henora?

THE WITNESS: She was my ex wife.

THE COURT: Ok.

No further questions were elicited about this prior offense. However, on appeal appellant argues that the trial court inappropriately relied on this "other acts" evidence and therefore his conviction for domestic violence must be reversed. In support of this claim, appellant relies on Evid.R. 404(B) and Evid.R. 609(A)(1).

{¶ 27} Pursuant to Evid.R. 404(B): "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." In addition, Evid.R. 609(A)(1) provides in pertinent part that "subject to Evid.R. 403, evidence that a witness other than the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the witness was convicted." The admission of other-acts evidence under Evid.R. 404(B) lies within the broad discretion of the trial court, and a reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice. *State v. Vore*, 12th Dist. Warren No. CA2011-08-093, 2012-Ohio-2431, ¶ 40.

{¶ 28} Appellant is correct in noting that his prior conviction of battery in California was not admissible as evidence that he committed the present instance of domestic violence. In addition, we note that the record contains no evidence that appellant's prior conviction for

- 8 -

"simple battery" satisfies Evid.R. 609(A)(1). However, we find any such error does not warrant reversal in the present case.

{¶ 29} As previously noted, appellant was tried to the bench. The Ohio Supreme Court has recognized that in bench trials, trial judges are "presumed to consider only the relevant, material and competent evidence in arriving at a judgment unless the contrary affirmatively appears from the record." *State v. Eubank*, 60 Ohio St.2d 183, 187 (1979); *State v. Layne*, 12th Dist. Clermont No. CA2009-07-043, 2010-Ohio-2308, ¶ 60 (holding that "in reviewing a bench trial, an appellate court presumes that a trial court considered nothing but relevant and competent evidence in reaching its verdict"); *State v. Wright*, 6th Dist. Lucas No. L-12-1327, 2013-Ohio-5910, ¶ 24 (same); *see also State v. Colegrove*, 140 Ohio App. 3d 306, 311 (8th Dist. 2000) ("It must be recognized that the very nature of the duties of a judge often require him to have knowledge of inadmissible evidence").

{¶ 30} Based on our review of the evidence, we find no affirmative indication that the trial judge considered this testimony in rendering his verdict. The record reflects that the testimony regarding appellant's prior conviction accounted for a very small portion of the trial. The other evidence introduced by the state included the victim's account of the incident, as well as the eyewitness testimony by the victim's mother, which supports appellant's conviction. Since there is no evidence that the trial court considered any otherwise impermissible evidence in reaching its verdict, we find that any such error was harmless. Appellant's second assignment of error is overruled.

{¶ 31} Judgment affirmed.

S. POWELL and M. POWELL, JJ., concur.