The STATE of Ohio/CITY OF HAMILTON, Appellee,

v.

HENDRIX, Appellant.

[Cite as *State v. Hendrix* (2001), 144 Ohio App.3d 328.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2000–07–155.

Decided June 18, 2001.

**330**

*Samuel D. Borst,* Hamilton City Prosecutor, for appellee.

*Jeffrey W. Bowling,* for appellant.

WALSH, Judge.

Defendant-appellant D'Jango Hendrix appeals his convictions in the Hamilton Municipal Court for six violations of Hamilton City Ordinance 509.14, "excessive sound from motor vehicles prohibited."

Appellant was cited on six separate occasions for violating Section 509.14. The record contains scant facts relating to the charges; however, it is apparent that each charge alleged that appellant was operating his car stereo at a volume that could be heard outside the automobile, sometimes as much as two blocks away.[1] Before trial, he filed a motion to dismiss the charges, arguing that the ordinance, on its face, is unconstitutionally vague and overbroad. The trial court denied the motion and appellant pled no contest to the charges. Appellant was convicted and sentenced accordingly.

He appeals, alleging that the ordinance is void for vagueness and therefore facially unconstitutional. Appellant does not allege First Amendment free speech violations but contends that the ordinance violates the due process provisions of the Fourteenth Amendment. He has not alleged that the ordinance is unconstitutional as applied to him and has not raised an overbreadth argument before this court as he did in the trial court.

██ As an initial matter, the state alleges that appellant lacks standing to challenge the constitutionality of the ordinance. The state contends that appellant's failure to allege that he was attempting to make any sort of constitutionally protected speech precludes him from now challenging the ordinance on its face.

██ Judicial review is limited by the requirement that a defendant have standing to challenge a statute's constitutionality. *Sierra Club v. Morton* (1972), 405 U.S. 727, 731, 92 S.Ct. 1361, 1364, 31 L.Ed.2d 636, 640–641. The standing

---

1. Although appellant filed a transcript of a hearing held on his motion to dismiss, he has not filed a transcript of the hearing at which he pled no contest, or otherwise apprised the court of the particular facts of this case.

doctrine ordinarily requires that a defendant challenging the constitutionality of a statute claim infringement of a legally protected interest not shared with the public at large. Accordingly, "a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the court." *Los Angeles Police Dept. v. United Reporting Publishing Corp.* (1999), 528 U.S. 32, 38, 120 S.Ct. 483, 489, 145 L.Ed.2d 451, 458, citing *New York v. Ferber* (1982), 458 U.S. 747, 767, 102 S.Ct. 3348, 3360, 73 L.Ed.2d 1113, 1129.

Likewise, in void-for-vagueness challenges based on alleged due process violations, a defendant ordinarily has standing to challenge a statute as unconstitutionally vague only in its application to the conduct of which he is accused. *United States v. Mazurie* (1975), 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706, 713; *United States v. Hsu* (E.D.Pa.1999), 40 F.Supp.2d 623, 627; *Gandee v. Glaser* (S.D.Ohio 1992), 785 F.Supp. 684, 694. In other words, a defendant must show that the statute's alleged vagueness actually deprived him, in light of his conduct, of due process of law. A defendant "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362, 369.

First Amendment challenges to statutes based on overbreadth are an exception to this traditional rule. *United Reporting Publishing Corp.*, 528 U.S. at 38, 120 S.Ct. at 489, 145 L.Ed.2d at 458–459, citing *Ferber* 458 U.S. at 767, 102 S.Ct. at 3360, 73 L.Ed.2d at 1129. When statutes regulate or proscribe speech, "the transcendent value to all society of constitutionally protected expression is deemed to justify allowing 'attacks on overly broad statutes with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity.'" *Id.*, quoting *Gooding v. Wilson* (1972), 405 U.S. 518, 520–521, 92 S.Ct. 1103, 1105, 31 L.Ed.2d 408, 413.

However, in cases not involving the First Amendment, standing is limited for two reasons: "the personal nature of constitutional rights * * * and prudential limitations on constitutional adjudication." *Ferber*, 458 U.S. at 767, 102 S.Ct. at 3360, 73 L.Ed.2d at 1129. The developed case law recognizes that when, as in the present case, the First Amendment is not implicated, a void-for-vagueness challenge must be examined in light of the facts of the case at hand. *Mazurie*, 419 U.S. at 550, 95 S.Ct. at 714, 42 L.Ed.2d at 713; *Hsu*, 40 F.Supp.2d at 627; *Gandee*, 785 F.Supp. at 694. Consequently, we find that appellant lacks standing to challenge Section 509.14 as unconstitutionally vague on its face, and our review is limited to whether the statute is unconstitutionally vague as applied to appellant.

Hamilton City Ordinance 509.14(b) states:

"No owner of a motor vehicle, operator of a motor vehicle or person in physical control of a motor vehicle shall recklessly play, cause to be played, or permit to be played any sound-generating or sound-amplifying device located within or upon such motor vehicle at such a level, volume, frequency, or intensity that the sound emitted exceeds the capacity of such motor vehicle to fully absorb, insulate, deaden, shield or muffle the sound being emitted so that such sound is inaudible to persons located outside of the motor vehicle in which the sound-generating or sound-amplifying device is located."

The ordinance defines "sound" as "any kind of humanly audible stimulus * * *." Hamilton City Ordinance 509.14(a)(3).

The ordinance also lists eight specific exceptions:

"(1) Sound generating by automobile alarm devices for and during such a reasonable period as is necessary to permit the owner to silence the device without danger of attack or injury, or to obtain the assistance of public safety officials, whichever period is shorter;

"(2) Sound caused by motor vehicle collisions, loss of control of a motor vehicle or sudden or severe application of the brakes of a motor vehicle;

"(3) Sound resulting from damage caused by a motor vehicle collision which cannot be silenced because of damage done in the collision;

"(4) Sounds created by a motor vehicle or an emergency vehicle, when engaged in responding to an emergency; and while at the scene of an emergency, or when testing their equipment;

"(5) Sound resulting from any repair or restoration work upon a motor vehicle;

"(6) Sound resulting from any work required to protect persons or property from an exposure to danger;

"(7) Sound emanating directly from a motor vehicle engine;

"(8) Sound caused by contact between any part of a motor vehicle and the traveled portion of the roadway."

All legislative enactments enjoy a strong presumption of constitutionality. *State v. Collier* (1991), 62 Ohio St.3d 267, 269, 581 N.E.2d 552, 553–554; *State v. Anderson* (1991), 57 Ohio St.3d 168, 171, 566 N.E.2d 1224, 1226–1227. "The party asserting that a statute is unconstitutional must prove this assertion beyond a reasonable doubt in order to prevail." *Collier* at 269, 581 N.E.2d at 553. When a statute is alleged to be void for vagueness, if possible all doubts will be resolved in favor of the constitutionality of the statute. *Oregon v. Lemons*

(1984), 17 Ohio App.3d 195, 196, 17 OBR 385, 386–387, 478 N.E.2d 1007, 1009–1010.

The Due Process Clause of the Fourteenth Amendment mandates that statutes governing conduct "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson* (1983), 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903, 909. Accordingly, in order to survive a void-for-vagueness challenge, the statute at issue must be written so that a person of common intelligence is able to determine what conduct is prohibited, and the statute must provide sufficient standards to prevent arbitrary or discriminatory enforcement. *State v. Williams* (2000), 88 Ohio St.3d 513, 532, 728 N.E.2d 342, 360–361, citing *Chicago v. Morales* (1999), 527 U.S. 41, 56–57, 119 S.Ct. 1849, 1859, 144 L.Ed.2d 67, 79–81; see, also, *State ex rel. Rear Door Bookstore v. Tenth Dist. Court of Appeals* (1992), 63 Ohio St.3d 354, 358, 588 N.E.2d 116, 120–121.

Appellant first contends that Section 509.14 fails to provide adequate notice and fair warning so that persons of ordinary intelligence can conform their conduct to the law.

We find it impossible to say that the ordinance in question is impermissibly vague. On the contrary, the ordinance is quite explicit in its prohibitions. Aside from eight very specific exceptions, the ordinance prohibits all sound coming from a motor vehicle, regardless of its volume or nature. As the trial court observed, an ordinary person of average intelligence could fairly assume that if he were riding a motorcycle, riding with a convertible top down, or with a car window open, "anyone outside can hear whatever he hears inside."

Although appellant points out, and the court agrees, that a fair number of absurd applications of the ordinance can be contrived, those facts are not properly before us in the present matter. As well, such applications are better suited to an overbreadth argument than the vagueness argument that appellant has proffered. As appellant's conduct falls squarely within the prohibitions of Section 509.14, and Section 509.14 provides standards that are constitutionally sufficient to apprise persons of ordinary intelligence of its prohibitions, we do not find that Section 509.14 is unconstitutionally vague as applied to appellant.

More troublesome is the unfettered discretion granted to law enforcement officials in the application of the ordinance. The blanket prohibition on sound of any sort emanating from a motor vehicle grants police officers a high level of discretion in the application of Section 509.14. Containing no objective distance or decibel standard to guide police officers in its enforcement, the ordinance is highly susceptible to selective enforcement and prosecution. Although the risk of

selective enforcement is present in any statute, the risk is greater than average in this case. The ordinance's plain language is inevitably violated scores of times each day, yet only those individuals chosen by the police, in their unguided discretion, are charged and prosecuted for a violation.

Although the broad sweep of the ordinance indicates problems of selective enforcement, we are still unable to agree with appellant's void-for-vagueness argument in the present case. Appellant's conduct was clearly proscribed by Section 509.14, and there is no indication or allegation that the ordinance was selectively applied to appellant. Section 509.14 as applied to appellant and the specific facts of this case is not unconstitutionally vague.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and POWELL, J., concur.