[Cite as *State v. Reeves*, 2015-Ohio-363.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2014-03-003 |
| Plaintiff-Appellee, | : | CA2014-03-004 |
| | : | O P I N I O N |
| - vs - | | 2/2/2015 |
| | : | |
| CHARLES A. REEVES, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case Nos. 13 CRI 00245, 13 CRI 00246


Jess C. Weade, Fayette County Prosecuting Attorney, 110 East Court Street, Washington C.H., Ohio 43160, for plaintiff-appellee

Steven H. Eckstein, 1208 Bramble Avenue, Washington C.H., Ohio 43160, for defendant-appellant


**RINGLAND, P.J.**

{¶ 1}   Defendant-appellant, Charles A. Reeves, appeals from his convictions in the Fayette County Court of Common Pleas for endangering children, receiving stolen property, and violating a protection order.  For the reasons outlined below, we affirm the decisions of the trial court.

{¶ 2}   On September 16, 2013, Reeves was arrested after it was reported his six-

year-old son had black and blue marks all over his body. As a result, an ex parte civil protection order was issued prohibiting Reeves from having contact with his son and also barring Reeves from possessing deadly weapons. The next month, as a part of a sting operation conducted by the Fayette County Sheriff's Office, Reeves purchased a firearm from an undercover police officer who had represented to Reeves that the firearm had been stolen.

{¶ 3} On October 21, 2013, Reeves was indicted in two separate cases. Relevant to this appeal, in case number 13CRI00245, Reeves was indicted on two counts of endangering children. In case number 13CRI00246, Reeves was indicted on one count of receiving stolen property and one count of violating a protection order. The cases proceeded to separate jury trials.

{¶ 4} At the trial held on March 13, 2014, for endangering children, several law enforcement officers, medical professionals, and members of the child's family testified. The facts revealed that the child's paternal grandmother discovered multiple bruises on him that covered his backside. Grandmother called the police who took photos of the child's bruises and arrested Reeves. Reeves admitted to the police to disciplining the child over the weekend, and officers later recovered a paddle consisting of a piece of wood covered with electrical tape at Reeves' residence. Numerous photos of the bruises were admitted into evidence as well as a phone conversation made by Reeves from jail. During this phone call, Reeves stated he was stressed at the time and maybe hit the child harder than was needed. At trial, Reeves admitted to making such a statement.

{¶ 5} At the trial held on January 15, 2014, for receiving stolen property and violating a protection order, Reeves' counsel stipulated to the admission of an ex parte civil protection order limiting Reeves' contact with the child and prohibiting him from possessing or obtaining

a deadly weapon. It was undisputed that an undercover police officer represented to Reeves that the pistol was "hot" and stolen from a house in Pike County. In fact, the pistol had not been stolen.

{¶ 6} In case number 13CRI00245, Reeves was found guilty of both counts of endangering children, which were merged for the purposes of sentencing. Reeves was sentenced to 36 months in prison. In case number 13CRI00246, Reeves was found guilty of receiving stolen property and violating a protection order, which were also merged for the purposes of sentencing. Reeves was sentenced to 12 months in prison to run consecutively to his prison sentence in case number 13CRI00245.

{¶ 7} Reeves now appeals and asserts three assignments of error for review.

{¶ 8} Assignment of Error No. 1:

{¶ 9} [REEVES] RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN CASE NO 13CRI00246, AS COUNSEL STIPULATED [TO] THE LAWFULNESS OF THE EX PARTE ORDER OF PROTECTION WHICH WAS VOID AB INITIO AS IT DID NOT CONTAIN THE SIGNATURE OF EITHER A JUDGE OR A MAGISTRATE.

{¶ 10} Reeves argues that his counsel was ineffective because counsel stipulated to the validity of an ex parte civil protection order when the protection order was void. Specifically, Reeves asserts that the protection order was void because it was only signed by a clerk "per phone authorization" of the judge and not by the judge himself. To support his argument, Reeves relies on case law holding that search warrants without a valid signature by a judge or magistrate are void ab initio.

{¶ 11} To prevail on an ineffective assistance of counsel claim, an appellant must show his trial counsel's performance fell below an objective standard of reasonableness and that he was prejudiced as a result. *State v. Ward-Douglas*, 12th Dist. Warren No. CA2011-

- 3 -

05-042, 2012-Ohio-4023, ¶ 96, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 693, 104 S.Ct. 2052 (1984).  In order to demonstrate prejudice, it must be established that but for trial counsel's errors, there is a reasonable probability that the result of trial would have been different.  *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-053, 2014-Ohio-1584, ¶ 42.  A "reasonable probability" is a probability that is "sufficient to undermine confidence in the outcome."  *State v. Burke*, 97 Ohio St.3d 55, 2002-Ohio-5310, ¶ 6, quoting *Strickland* at 694.  The failure to make an adequate showing on either prong is fatal to an ineffective assistance of counsel claim.  *State v. Zielinski*, 12th Dist. Warren No. CA2010-12-121, 2011-Ohio-6535, ¶ 50.  Additionally, trial counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  *State v. Hendrix*, 12th Dist. Butler No. CA2012-05-109, 2012-Ohio-5610, ¶ 14.

{¶ 12}  While Reeves may be correct in stating that search warrants are void ab initio without the signature of a judge or a magistrate before a search is conducted, the issue in the case at bar does not relate to a search warrant.  *See, e.g., State v. Williams*, 57 Ohio St.3d 24 (1991).  Rather, the issue concerns an ex parte civil protection order issued pursuant to R.C. 3113.31.  According to this statute, after an ex parte hearing is held, the court issues temporary orders.  R.C. 3113.31(D)(1).  For an ex parte civil protection order, the only requirement is that the order be "issued" or "approved."  *See* R.C. 3113.31(F)(1).[1]  The statute does not prohibit the approval of the ex parte order where a clerk obtains authorization to sign the order per phone instructions of the judge.  As such, Reeves' trial counsel stipulating to the admission of the ex parte civil protection order approved by the

---

1. We note for an order to be a formal judgment entry that is final and appealable, a judge's signature is needed pursuant to Civ.R. 58. *Brackmann Communications, Inc. v. Ritter*, 38 Ohio App.3d 107, 109 (12th Dist.1987). Whether the order was final and appealable is not an issue in this case because the ex parte civil protection order is only a temporary order. *See* R.C. 3113.31(G); Civ.R. 54.

judge did not fall below an objective standard of reasonableness. Reeves' first assignment of error is overruled.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT ERRED IN CASE NO. 13CRI00246, BY DENYING [REEVES'] MOTION TO DISMISS AND MOTION FOR ACQUITTAL AS R.C. 2913.51(B) IS UNCONSTITUTIONALLY VOID FOR VAGUENESS.

{¶ 15} Reeves argues that the statute governing receiving stolen property, R.C. 2913.51, is unconstitutionally void for vagueness because its subsections are unclear such that a person of ordinary intelligence cannot understand what conduct is prohibited by the statute. Reeves asserts that R.C. 2913.51(A) and (B) are unclear when read together because R.C. 2913.51(A) requires the property at issue to actually be stolen, while R.C. 2913.51(B) indicates otherwise.

{¶ 16} All legislative enactments enjoy a strong presumption of constitutionality. *State v. Hendrix*, 144 Ohio App.3d 328, 332 (12th Dist.2001), citing *State v. Collier*, 62 Ohio St.3d 267, 269 (1991). "The party asserting that a statute is unconstitutional must prove this assertion beyond a reasonable doubt in order to prevail." *Collier* at 269. When a statute is alleged to be void for vagueness, if possible all doubts will be resolved in favor of the constitutionality of the statute. *Hendrix* at 332. To survive a void-for-vagueness challenge, the statute at issue must be written so that a person of common intelligence is able to determine what conduct is prohibited. *State v. Williams*, 88 Ohio St.3d 513, 532 (2000), citing *Chicago v. Morales*, 527 U.S. 41, 56-57, 119 S.Ct. 1849 (1999). Additionally, the statute must provide sufficient standards to prevent arbitrary or discriminatory enforcement. *Id.*

{¶ 17} Regarding the statute at issue, R.C. 2913.51(A) states:

> No person shall receive, retain, or dispose of property of another knowing or having *reasonable cause* to believe that the property has been obtained through commission of a theft offense.

(Emphasis added.) Furthermore, R.C. 2913.51(B) states:

> It is not a defense to a charge of receiving stolen property in violation of this section that the property was obtained by means other than through the commission of a theft offense if the property was explicitly represented to the accused person as being obtained through the commission of a theft offense.

{¶ 18} We fail to see how these subsections are inconsistent or unclear. Contrary to Reeves' argument, R.C. 2913.51(A) does not require the property at issue to actually be stolen. Rather, it provides that a person may be found guilty of receiving stolen property when he or she has *reasonable cause* to believe the property was obtained through a theft offense. *See State v. Bentz*, 2 Ohio App.3d 352 (1st Dist.1981) (using the term "reasonable cause" does not mean the property must be stolen). Other courts have determined that R.C. 2913.51(A) is not void for vagueness. *See Bentz*; *State v. Meeks*, 8th Dist. Cuyahoga No. 47852, 1984 WL 5596 (May 31, 1984). R.C. 2913.51(B) further clarifies R.C. 2913.51(A) by stating it is not a defense of the accused if the property at issue was not stolen when it was explicitly represented to the accused that the property was, in fact, stolen. By reading the subsections together, it is clear that the property at issue does not have to be stolen in order for a person to be found guilty of receiving stolen property under R.C. 2913.51. As such, we find that the language utilized in R.C. 2913.51(A) and (B) gives persons of ordinary intelligence notice that the property does not have to be stolen in order to violate the statute and the language is sufficiently clear to prevent arbitrary enforcement. Reeves' second assignment of error is overruled.

{¶ 19} Assignment of Error No. 3:

{¶ 20} THE TRIAL COURT ERRED IN DENYING [REEVES'] MOTION FOR

ACQUITTAL UNDER CRIM. RULE 29 [sic] IN CASE NO. 13CRI00245 AS THE EVIDENCE FAILS TO SUPPORT A COURSE OF CONDUCT AS REQUIRED BY THE STATUTE R.C. 2919.22(B)(4) BUT RATHER SUPPORTS ONLY A SINGLE INSTANCE OF PARENTAL DISCIPLINE SUPPORTING ONLY A MISDEMEANOR OFFENSE.

{¶ 21} Reeves argues the incident underlying his conviction for child endangering only involved a single occurrence of parental discipline, and as such, the trial court should have granted his motion for acquittal. Specifically, he asserts that Reeves testified that he spanked the child over the weekend and the bruises on the child were consistent with a single disciplinary action.

{¶ 22} Pursuant to Crim.R. 29(A), "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." This court reviews a trial court's denial of a Crim.R. 29 motion for acquittal using the same standard as that used for determining whether a verdict is supported by sufficient evidence. *State v. Rivera*, 12th Dist. Butler No. CA2012-11-220, 2013-Ohio-3203, ¶ 8.

{¶ 23} A determination as to whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Flores*, 12th Dist. Warren No. CA2014-03-037, 2014-Ohio-5751, ¶ 10. "When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *Id.* Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v.*

*Dixon*, 12th Dist. Clermont No. CA2007-01-012, 2007-Ohio-5189, ¶ 13, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 24} R.C. 2919.22(B)(4) prohibits a person from "[r]epeatedly administer[ing] unwarranted disciplinary measures to the child, when there is a substantial risk that such conduct, if continued, will seriously impair or retard the child's mental health or development."

{¶ 25} In the present case, Dr. Kristin McCallum, a family physician on contract with the Ross County Child Protection Center, testified that the child told her that his dad "beat [him] a thousand times" using a "one by four wrapped in electric[al] tape." Dr. McCallum testified that while there is no exact science for determining the age of bruises, she estimated that the bruises on the child were incurred four to five days previously. Julie Oates, a professional clinical counselor, stated that when children are repeatedly exposed to abuse, the children will have problems with maladaptive behaviors. Matt Pfeifer, a patrolman with the Washington Court House Police Department, testified that Reeves admitted to disciplining the child over the weekend. Adam Rummer, a patrol deputy with the Fayette County Sheriff's Office, testified that Reeves admitted to "whipping" the child because he would not listen. While Kathryn Reeves, the child's mother, testified that the child was not spanked very often, Reeves testified that that he was stressed at the time and probably hit the child harder than warranted. Reeves further testified that he told an officer that he had spanked his child frequently, but did not specify an amount because the child had been having several behavior problems at school. Photographs were admitted showing the extent of the child's bruising, and Patrolman Pfeifer testified that when he arrived at Grandmother's house he observed the child very bruised from the small of his back to the middle of his thigh that reached across his backside.

{¶ 26} Based on the evidence presented at trial, we conclude the trial court's verdict

was supported by sufficient evidence, and the trial court did not err in denying Reeves' Crim.R. 29 motion. Specifically, a rational trier of fact could have found that Reeves repeatedly administered unwarranted discipline to his child. While the child exaggerated by stating he was beaten a thousand times, the child's statement indicates that multiple corporal disciplinary measures occurred. Additionally, the bruising was on several locations of the child's body. Furthermore, the testimony from medical personnel did not indicate that the child's bruising stemmed from one event. As any rational trier of fact, when viewing the evidence in a light most favorable to the prosecution, could have found the essential elements of child endangering proven beyond a reasonable doubt, the jurors were free to discern the evidence and evaluate the credibility of the witnesses. As such, Reeves' third assignment of error is overruled.

{¶ 27} Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.